SAUNDERS v. FARMER.

The legality of the organization and existence of a corporation *de facto*, and its power to hold and convey real estate, cannot be collaterally and inequitably drawn in question.

Land bought at a tax sale cannot be held absolutely by the purchaser against the owner, when a relation of trust and confidence, existing between them, renders it inequitable that the purchaser should deprive the owner of the land.

WRIT OF ENTRY. Facts found by a referee. The land in controversy is a lot of five acres in Manchester, bounded on the east by Merrimack river, and on the south by Black brook. It formerly belonged to the defendant's father, Daniel Farmer, Sen., who sold it, in 1847, to Fisk & Norcross, whose title has come to the plaintiff through the Merrimack Lumber Company. The defendant bought the lot at a tax sale in 1859.

Fisk & Norcross, and the successive holders of their title, used the lot, a few weeks in each year, in their business of driving logs down the Merrimack. By an arrangement between them and the defendant's father (of whose farm it had been a part), the father used it every year for agricultural purposes until his death in 1865. It has never been separated from his land by a fence, and his occupation of it, as a part of his farm, continued after he sold it, except when interrupted by the use made of it by the owners in driving logs. He did not agree to pay the taxes. After the defendant came of age, he remained at home substantially as before. When he was married, in 1839, he brought his wife to his father's house, and he and his father and their families lived together as one family. Father and son carried on the farm, and did other business, in the name of the father, who held the title of the property. When the defendant wanted money, he took it and used it. No charge was made for services rendered by the son, or for support furnished by the father. No accounts were kept between them. As time passed on and the father grew in years, the son assumed and was

entrusted with the management of affairs more and more. During the last eight or ten years of the old gentleman's life, the defendant had general oversight and charge of the business.

*D. Cross*, for the plaintiff.

*C. R. Morrison* and *W. Little*, for the defendant.

DOE, C. J.   The Merrimack Lumber Company was a *de facto* corporation, organized under a general law of Massachusetts. The defendant objects that the organization was not legal, (1) because the articles of association were not warranted by law, being in part for purposes not named in the statute; (2) because the certificate filed with the secretary of state did not conform to the articles. This case is not an exception to the rule that the legality of the organization and existence of a corporation *de facto*, and its power to hold and convey real estate, cannot be collaterally and inequitably drawn in question. Mor. Corp., ss. 696 *a.*, 710, 711, 745–778, 1002, 1008, 1015, 1030; Dill. Mun. Corp., s. 43; *Atchison R. R.* v. *Wilson*, 33 Kan. 223; *Ossipee Co.* v. *Canney*, 54 N. H. 295, 312; *Dorris* v. *Sweeney*, 60 N. Y. 463, 467.

Land bought at a tax sale cannot be held absolutely by the purchaser against the owner, when a relation of trust and confidence, existing between them, renders it inequitable that the purchaser should deprive the owner of the land. The principle is applied when it is the duty of the purchaser to pay the tax, and in many other cases. Cool. Tax. 500–509; Burr. Tax. 353; *Woodbury* v. *Swan*, 59 N. H. 22; *Kezer* v. *Clifford*, 59 N. H. 208. The defendant's father was tenant or licensee of the owners. He and they were interested in the maintenance of their title. They entrusted him with a possession and use. To some extent it was necessarily understood that he should exercise care, act as owner, and refrain from waste and from the destruction of the owners' interest. Under existing relations he could not equitably extinguish their title, and acquire the land himself, by buying it at a tax sale and concealing his purchase till the time of redemption expired. As the defendant's position was no better than his father's, he cannot set up the tax title against the plaintiff for an inequitable purpose. He holds it on a trust that is equivalent to an extension of the plaintiff's time of redemption. 4 Kent Com. 371, *note c*. The sum paid by the defendant will be ascertained at the trial term; and when the plaintiff deposits with the clerk the amount found due on an equitable accounting, he will be entitled to judgment.

*Case discharged.*

STANLEY, SMITH, and CLARK, JJ., did not sit: the others concurred.