---

[No. 8,273.  Department One. — September 17, 1884.]
MORRIS O. THOMAS, RESPONDENT, v. THE PLACER-VILLE GOLD QUARTZ MINING CO., APPELLANT.

PRACTICE — CHANGE OF PLACE OF TRIAL. — Neither party to an action can move for a change of the place of trial on the ground of the convenience of witnesses until after answer.

FOREIGN CORPORATION — SERVICE OF SUMMONS — MANAGING AGENT. — When a foreign corporation doing business in this State has not designated a person upon whom service of summons may be made, it may be made upon its managing agent.

ID. — RESIDENCE — PLACE OF TRIAL. — A foreign corporation doing business here has no residence within the State, and an action against it may be tried in any county designated by the plaintiff in his complaint.

APPEAL from an order of the Superior Court of the city and county of San Francisco, refusing to change the place of trial of an action.

The facts appear in the opinion of the court.

H. A. Powell, for Appellant.

*H. E. Highton,* for Respondent.

McKINSTRY, J.—Defendant, an English corporation, demurred to the complaint and moved for a change of the place of trial from San Francisco to El Dorado, on the grounds that defendant resided in the latter county, and that the convenience of witnesses and the ends of justice would be promoted by the change.

Neither a plaintiff nor a defendant can move for a change of the place of trial, because of the convenience of witnesses, until after *answer.* (*Cook* v. *Pendergast,* 61 Cal. 79.) Defendant has never designated a person upon whom service of process can be had. (Stats. 1871–72, p. 826.) The summons was properly served on one conceded to be defendant's "managing agent."

Has a foreign corporation, doing business in this State, a residence in any particular county, such as is contemplated by the provisions of the Code of Civil Procedure relating to the place of trial? No statute makes "the principal place of business" of either a domestic or foreign corporation its "residence," for the purpose of determining the county in which shall be had the trial of an action brought against it. In *Jenkins* v. *The California Stage Company,* 22 Cal. 538, it was said: "The modern decisions very generally concur in giving corporations a local existence, like persons. . . . . Every corporation has some locality where its principal office or place of business is established, and it may properly be said to 'reside' at such locality," etc. This language was *dictum,* but, giving it full force, it is applicable to the corporation then before the court—a corporation organized under the laws of this State. By an act then in force, persons forming a corporation in California were required to file, in a public office, a certificate, stating the city or town and county "in which the principal place of business of the company is to be located." (Stats. 1850, p. 365.) And the Civil Code (§ 290) requires articles of incorporation to be filed, setting forth the place where the principal business of the corporation is to be transacted. At the place named in the "articles" is the office of the corporation; its records are to be kept there; there are held the meetings of its directors and stockholders; from thence emanate directions for the conduct of its affairs. Certainly a

domestic corporation has no residence outside of the State, and it may be that such a corporation is estopped from asserting its residence to be in any other county than the county mentioned, or the county including the town or city mentioned in its articles. A California corporation formed to work a mine in Nevada has its locality and life in California. It may, by reason of an established comity, sue, and it may be sued, in Nevada, but it does not *reside* there, unless a statutory residence has been given it by the legislature of that State. So, if the rule laid down in *Jenkins* v. *The California Stage Company* be upheld, a domestic corporation having its office, etc., in San Francisco, resides in San Francisco, though its sole object be to work a mine in Tuolumne.

Whether the rule of *Jenkins* v. *The California Stage Company* is or is not the correct rule as applied to corporations formed in this State, it is not applicable to corporations formed elsewhere. While domestic corporations exist and have their location within this State, foreign corporations have their legal existence and are located within the territory of the government that creates them. (2 Potter Corp. § 611 c.) As domestic corporations do not reside in a foreign country, within the meaning of section 395 of the Code of Civil Procedure, so foreign corporations do not reside in this State, within the meaning of the same section. A foreign corporation cannot do business here without subjecting itself to the jurisdiction of our courts, but it is not a necessary corollary that it is entitled to claim a "residence" here. It cannot escape the consequences of an illegal act done by its agents, within the scope of the authority it has conferred upon them, by setting up an existence under a foreign government. (*People* v. *Central R.* 48 Barb. 478.) It is liable to be sued here to the same extent as an individual or company incorporated under the laws of this State. (*Austin* v. *N. Y. & E. R.* 1 Dutch. 383.) It may be sued here, not because it resides here, but because it has chosen to do business here by its agents. Its home is in the country where alone it has its being. As it resides, if anywhere, out of the State, an action against it may be tried in any county designated by the plaintiff. (Code Civ. Proc. § 395.) This is, of course, subject to the right of the corporation defendant to move for a change upon sufficient showing.

To summarize: A foreign corporation exists in and by virtue of the law of a foreign country, and no statute of this State has ever given a local (county) residence to such a corporation, where alone it can be sued. Its liability to be sued in the courts of this State no more confers a county residence upon it, than does the comity which permits it to apply to our courts for the enforcement of a contract or the redress of a wrong.

Order affirmed.

Ross, J., and McKee, J., concurred.