The articles of association do not state the place in which the business of the corporation is to be carried on, required by the statute. P. S., c. 147, s. 2. The statement that the office of the corporation shall be in Manchester is not sufficient. *Page 433 
The office referred to evidently was that of the clerk, who is a mere recording officer. P. S., c. 148, s. 11. The holding of stockholders' meetings in his office does not make it the place where the corporation's business is carried on. The action of such meetings relates to the organization and general conduct of the business of the corporation. Action in reference to the business is limited to the formation of general plans and the provision of means and agencies for carrying it on. The execution of the plans is entrusted to the directors and other officers and agents (P. S., c. 149, s. 3); and the business is transacted where the plans are executed. If nothing was done except to hold stockholders' meetings and make records of their proceedings, the corporation would not carry on the business for which it was formed.
The statute gives the judge of probate of the county in which "the principal place of business of a corporation is located," jurisdiction of insolvency proceedings instituted by, or against, the corporation. P. S., c. 201, ss. 1, 48. Generally, the, creditors of a corporation reside near its place of business, especially those who furnish labor and materials for carrying on the business, and the statute locates the proceedings in that vicinity, to enable the creditors to obtain their rights under them with as little expense and trouble as possible.
The defendants' business was the manufacture and sale of boxes. The manufacturing was done in Conway; and the sales and collections were made in Boston. Nothing was done in Manchester save the holding of stockholders' meetings and the making and preservation of records of their proceedings. Their "principal place of business," in fact, their only place of business within this state, was in Conway; and if they were a corporation, notwithstanding the failure to comply with statutory requirements in the formation of it (Saunders v. Farmer, 62 N.H. 572; Jewell v. Gilbert,64 N.H. 13, 18; Larned v. Beal, 65 N.H. 184), the judge of probate of Carroll county had jurisdiction in respect to it instead of the judge of probate of Hillsborough county. If they were not a corporation, as neither of the persons forming the company resided in Hillsborough county, the judge of probate of that county had no jurisdiction of the matter. P. S., c. 201, s. 42.
Decree of the judge of probate reversed:
WALLACE, J., did not sit: the others concurred. *Page 434