Hillsborough, }
  Dec., 1895. }

KENNETT, *Ap't*, *v.* THE WOODWORTH-MASON CO.

Under P. S., *c.* 201, *s.* 48, insolvency proceedings against a corporation cre-
ated by the laws of this state must be had in the probate court of the
county in which the business for which it was organized is carried on ;
and not in another county where the clerk resides, the records are kept,
and stockholders' meetings are held.

PROBATE APPEAL. Facts found by the court. By an agree-
ment dated September 1, 1892, duly recorded in the offices of
the city clerk of Manchester and the secretary of state, five
citizens of Massachusetts associated themselves together to form
a corporation, to be known as The Woodworth-Mason Com-
pany, "for the purpose of manufacturing lumber into boxes, and
the sale of the same, to lease, purchase, and convey real estate,
to buy and sell personal property, and to do all acts incident to
the purposes above set forth." The agreement stated that the
office of the corporation shall be in Manchester, and that "there
will also be an office at Boston," Massachusetts. The clerk of
the corporation resides and has an office in Manchester. All
other officers reside outside the state. The corporation has no
office or place of business in this county, except that it uses the
clerk's office for holding stockholders' meetings and as a deposi-
tory of the clerk's records. Its business is the manufacture and
sale of boxes. It has a factory at Conway, N. H., where it man-
ufactures the boxes from lumber purchased for the purpose. It
has an office in Boston where sales of the boxes are made, ac-
counts kept, collections and disbursements made, and all its
other business transacted except that done at Manchester and
Conway.

Upon a petition of creditors, the judge of probate for this
county decreed the corporation to be insolvent, and the plaintiff,
a non-petitioning creditor, appealed from the decree, assigning
as a reason that the judge had no jurisdiction.

*Josiah H. Hobbs* and *George B. French*, for the plaintiff.

*Arthur G. Whittemore*, for the defendants.

CHASE, J. The articles of association do not state the place
in which the business of the corporation is to be carried on, as
required by the statute. P. S., *c.* 147, *s.* 2. The statement that
the office of the corporation shall be in Manchester is not suffi-

cient. The office referred to evidently was that of the clerk, who is a mere recording officer. P. S., c. 148, s. 11. The holding of stockholders' meetings in his office does not make it the place where the corporation's business is carried on. The action of such meetings relates to the organization and general conduct of the business of the corporation. Action in reference to the business is limited to the formation of general plans and the provision of means and agencies for carrying it on. The execution of the plans is entrusted to the directors and other officers and agents (P. S., c. 149, s. 3); and the business is transacted where the plans are executed. If nothing was done except to hold stockholders' meetings and make records of their proceedings, the corporation would not carry on the business for which it was formed.

The statute gives the judge of probate of the county in which "the principal place of business of a corporation is located," jurisdiction of insolvency proceedings instituted by, or against, the corporation. P. S., c. 201, ss. 1, 48. Generally, the creditors of a corporation reside near its place of business, especially those who furnish labor and materials for carrying on the business, and the statute locates the proceedings in that vicinity, to enable the creditors to obtain their rights under them with as little expense and trouble as possible.

The defendants' business was the manufacture and sale of boxes. The manufacturing was done in Conway; and the sales and collections were made in Boston. Nothing was done in Manchester save the holding of stockholders' meetings and the making and preservation of records of their proceedings. Their "principal place of business," in fact, their only place of business within this state, was in Conway; and if they were a corporation, notwithstanding the failure to comply with statutory requirements in the formation of it (*Saunders* v. *Farmer*, 62 N. H. 572; *Jewell* v. *Gilbert*, 64 N. H. 13, 18; *Larned* v. *Beal*, 65 N. H. 184), the judge of probate of Carroll county had jurisdiction in respect to it instead of the judge of probate of Hillsborough county. If they were not a corporation, as neither of the persons forming the company resided in Hillsborough county, the judge of probate of that county had no jurisdiction of the matter. P. S., c. 201, s. 42.

*Decree of the judge of probate reversed.*

WALLACE, J., did not sit: the others concurred.