[Sac. No. 2235.   Department One.—November 13, 1915.]

W. S. RAINS, Respondent, v. THE DIAMOND MATCH
COMPANY (a Corporation), Appellant.

PLACE OF TRIAL—AMENDMENT OF 1911 TO CODE OF CIVIL PROCEDURE,
SECTION 395, VALID.—The amendment of 1911 to section 395 of
the Code of Civil Procedure authorizing an action for injury to per-
son, or property, or for death from wrongful act, or negligence, to be
tried in the county where the injury occurs, or the injury causing
death occurs, or in the county in which the defendants, or some of
them, reside at the commencement of the action, is a valid exercise of
legislative power.

ID.—AMENDMENT OF 1911 TO CODE OF CIVIL PROCEDURE, SECTION 395,
NOT APPLICABLE TO ACTIONS AGAINST NONRESIDENTS.—The provision
of section 395 of the Code of Civil Procedure added by the amend-
ment of 1911 has no application to actions against nonresidents of
the state.   The change in the law was designed to enlarge the rights
of plaintiffs by giving them a choice of two counties in which to
sue, where theretofore the defendant had enjoyed the right of trial
in the county of his residence, but was not intended to limit the
broader rights which plaintiff had always had as against nonresi-
dents.

ID.—CODE OF CIVIL PROCEDURE, SECTION 397, APPLICABLE.—Under any
construction that may be given to section 395, the place of trial may
still be changed when the "convenience of witnesses and the ends
of justice" would be promoted by the change, as provided by section
397 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Sacra-
mento County denying a motion for a change of venue.   N. D.
Arnot, Judge presiding.

The facts are stated in the opinion of the court.

A. F. Jones, and George F. Jones, for Appellant.

Downey & Pullen, for Respondent.

SLOSS, J.—The defendant appeals from an order denying
its motion to change the place of trial.

The action is one to recover damages for personal injuries
claimed to have been sustained through the negligence of
the defendant.   The alleged cause of action arose in Butte
County.   The defendant is a foreign corporation doing busi-

ness in this state. The action was commenced in the county of Sacramento, and the defendant demanded that it be removed for trial to the county of Butte.

The appellant contends that it had a right to the transfer under section 395 of the Code of Civil Procedure, as amended in 1911. (Stats. 1911, p. 847.)   The section reads as follows:

"395.   In all other cases, the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action, or *if it be an action for injury to person, or property, or for death from wrongful act, or negligence, in the county where the injury occurs, or the injury causing death occurs, or in the county in which the defendants, or some of them, reside at the commencement of the action.*   If none of the defendants reside in the state, or, if residing in the state, and the county in which they reside is unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint, and if the defendant is about to depart from the state, such action may be tried in any county where either of the parties reside, or service is had, subject, however, to the power of the court to change the place of trial, as provided in this code. If any person is improperly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried in the county where he resides, his residence must not be considered in determining which is the proper county for the trial of the action."

The amendment of 1911 consisted in adding to the section as it had stood theretofore the provision which we have, in our quotation, placed in italics.   We have already held that the enactment is a valid exercise of legislative power.   (*Gridley* v. *Fellows,* 166 Cal. 765, [138 Pac. 355].)

Under this clause the proper place for the trial of an action for injuries to person is either the county where the injury occurred or that in which the defendant resides. (*Gridley* v. *Fellows, supra.*)   The appellant argues that since a foreign corporation (such as the defendant) does not reside in any county of this state (*Thomas* v. *Placerville G. Q. M. Co.,* 65 Cal. 600, [4 Pac. 641]), the only proper place remaining is the county of the injury.

But we do not think the provision added to section 395 by the amendment of 1911 has any application to actions against nonresidents of the state.   Before the amendment,

the section expressly authorized the trial of actions against nonresidents to be had in any county which the plaintiff might designate in his complaint. This provision, which governed actions against foreign corporations (*Thomas* v. *Placerville etc. Co., supra*), was not changed by the amendment of 1911. It is still a part of the section. The section covers two classes of cases,—one dealing with actions against residents, and the other with actions against nonresidents. The provision added in 1911 follows the first clause, requiring actions to be tried where the defendants reside, and is a qualification of the rule declared in that clause. In the special cases governed by the amendment, the resident defendant is no longer entitled, as of right, to have the action tried in the county of his residence. The county where the injury occurred is equally a "proper" place of trial. But the provision giving the right to have cases against nonresidents tried in any county follows the new matter introduced in 1911, and remains unqualified as it had been prior to the amendment. The change in the law was designed to enlarge the rights of plaintiffs by giving them a choice of two counties, where theretofore the defendant had enjoyed the right of trial in the county of his residence. It was not intended to limit the much broader right which plaintiffs had always had as against nonresidents, and it should not be construed so as to have such effect.

Of course, under any construction that may be given to section 395, the place of trial may still be changed when the "convenience of witnesses and the ends of justice" would be promoted by the change. (Code Civ. Proc., sec. 397.) This consideration answers the suggestion of appellant that the denial of its claim involves hardship.

The order is affirmed.

Shaw, J., and Lawlor, J., concurred.