[Civ. No. 2594. First Appellate District, Division Two.—June 26, 1919.]

H. S. RYAN, Respondent, v. INYO CERRO GORDO MINING AND POWER COMPANY (a Corporation), et al., Defendants; CERRO GORDO MINES COMPANY (a Corporation), Appellant.

[1] CORPORATIONS—RESIDENCE OF.—The residence of a corporation is in the state under whose laws it is incorporated.

[2] ID.—RESIDENCE OF FOREIGN CORPORATION DOING BUSINESS IN THIS STATE.—A foreign corporation doing business in this state does not establish a residence in any particular county such as is contemplated by the provisions of the Code of Civil Procedure relating to the place of trial.

[3] ID.—EFFECT OF COMPLIANCE WITH CODE—PLACE OF TRIAL.—Compliance with section 408 of the Civil Code does not give a foreign corporation a residence in this state, or give it the rights of a domestic corporation in regard to the place of trial of actions.

[4] ID.—ACTION FOR PERSONAL INJURIES—FOREIGN CORPORATION AS DEFENDANT—PLACE OF TRIAL.—The provision of section 395 of the Code of Civil Procedure that an action for personal injuries must be tried in the county where the injury occurred or in the county where the defendants, or some of them, reside, has no application where the defendant is a foreign corporation.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion for a change of venue. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. J. Hambly, S. E. Vermilyea and A. H. Swallow for Appellant.

Louis Oneal for Respondent.

LANGDON, P. J.—This is an appeal from an order of the superior court of the state of California, in and for the county of Santa Clara, denying the motion of the defendant, Cerro Gordo Mines Company, for a change of venue from Santa Clara to Inyo County.

The action was one to recover damages for personal injuries alleged to have been sustained by the plaintiff arising

out of an alleged accident occurring at the mining proper-
ties of the defendant in Inyo County, California. Appel-
lant's motion was made upon the grounds that it was a
resident of Inyo County and entitled to be sued in said
county, and that the cause of action arose in Inyo County;
also upon the ground that the defendant Edward Campbell
was a resident of Inyo County. Prior to the hearing of the
motion, the plaintiff dismissed the action as to the defend-
ant Campbell, and the record presents but one question
for our determination: Has the appellant, a corporation
organized and existing under the laws of the state of
Arizona, acquired a residence in the county of Inyo, state
of California? It is urged by appellant that by reason of
having complied with the provisions of section 408 of the
Civil Code (in force at the time of the alleged injury and
at the time of the motion), requiring a foreign corporation
to file a certified copy of its articles of incorporation with
the Secretary of State and with the county clerk of the
county where its principal place of business is located and
where it owns property, appellant became a resident of
Inyo County, the county where its principal place of busi-
ness in this state is located, so as to be entitled to have this
action transferred to that county for trial.

[1] The residence of a corporation is in the state under
whose laws it is incorporated. (1 Cook on Corporations,
7th ed., sec. 1, p. 3; sec. 757, Id.; *Boyer* v. *Northern Pac.
Ry. Co.,* 8 Idaho, 74, [70 L. R. A. 691, 66 Pac. 826, at
p. 827]; *Thomas* v. *Placerville G. Q. M. Co.,* 65 Cal. 600,
[4 Pac. 641]; *Rains* v. *Diamond Match Co.,* 171 Cal. 326,
[153 Pac. 239]; *Waechter* v. *Atchison etc. Ry. Co.,* 10 Cal.
App. 70, [101 Pac. 41]; *St. Louis & S. F. Ry. Co.* v. *James,*
161 U. S. 545, [40 L. Ed. 802, 16 Sup. Ct. Rep. 621, see,
also, Rose's U. S. Notes].) [2] A foreign corporation
doing business in this state does not establish a residence
in any particular county such as is contemplated by the
provisions of the Code of Civil Procedure relating to the
place of trial. (*Thomas* v. *Placerville G. Q. M. Co., supra;
Waechter* v. *Atchison etc. Ry. Co., supra; Rains* v. *Diamond
Match Co.,* 171 Cal. 326, [153 Pac. 239].)

[3] Compliance with section 408 of the Civil Code does
not give a foreign corporation a residence in this state, or
give it the rights of a domestic corporation in regard to

the place of trial of actions. (*Waechter* v. *Atchison etc. Ry. Co.*, 10 Cal App., at p. 74, [101 Pac. 41].)   Although the language with reference to this question in the last-cited case is *dictum*, the reasoning in the other decisions cited herein clearly applies to this question.   In the case of *Boyer* v. *Northern Pac. Ry. Co.*, *supra*, the supreme court of Idaho considered almost precisely the same question.   In that case the corporation designated an agent for the service of process and its principal place of business in the state, under a statute requiring such designation, and claimed that it thereby acquired a residence at such principal place of business entitling it to be sued at the place of its residence under a statute similar to our statute covering the same matter.   The court held that both upon principle and authority, private corporations are residents of the state in which they are created; that they have, and can have, but one domicile, the state of their birth, which is fixed by their articles of incorporation.   They may migrate into other countries and jurisdictions for the purpose of business, yet so far as jurisdiction of courts is concerned, they are treated, both by our federal courts and by our state courts, as residents of the state in which they are created and nonresidents of other states.

In the case of *Jenkins* v. *California Stage Co.*, 22 Cal. 538, one of the cases relied upon by appellant, it does not appear from the opinion whether the court was considering a domestic or a foreign corporation.   The case of *California S. R. Co.* v. *Southern Pac. R. R. Co.*, 65 Cal. 394, [4 Pac. 344], which overruled the Jenkins case, also does not state whether the question under consideration related to domestic or foreign corporations, but the language in that case is sufficiently broad to embrace both classes of corporations.   However, the case of *Cohn* v. *Central Pac. R. R. Co.*, 71 Cal. 488, [12 Pac. 498], also cited by appellant, and which it urges reaffirmed the Jenkins case, certainly only reaffirms that case in so far as it applies to domestic corporations.   For in the Cohn case, it is said that the question whether a domestic corporation had any place of residence in the state where it was entitled as a matter of right to a trial of a suit brought against it in another county, did not necessarily arise in the case of *California S. R. Co.* v. *Southern Pacific R. R. Co.*, *supra*, and, there-

fore, that case does not overrule the Jenkins case, and that, therefore, the Cohn case is decided upon the authority of the Jenkins case. It is apparent, then, that the court in construing the Jenkins case, and in reaffirming it, limited the application of this rule to domestic corporations.

As stated in *California S. R. R. Co.* v. *Southern Pac. R. R. Co., supra,* there is no statute in this state defining the place of residence of a corporation. A line of judicial decisions seems to have settled the matter, however, in regard to domestic corporations. With respect to foreign corporations, we find no authority for extending to them the rule applied to domestic corporations. .

[4] Our conclusion, as above stated, also settles the contention of appellant that it is entitled to have the action tried in Inyo County because such county is the place where the injury occurred. If the appellant is a nonresident, this contention is without merit, because the case of *Rains* v. *Diamond Match Co.,* 171 Cal. 326, [153 Pac. 239], holds that the portion of section 395 of the Code of Civil Procedure relied upon by appellant does not apply to nonresidents, and does not limit the rights of a plaintiff against a nonresident.

The order appealed from is affirmed.

Haven, J., and Brittain, J., concurred.