Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.

---

DEL RÍO ET AL., PLAINTIFFS AND APPELLANTS, *v.* HEIRS OF CANCEL ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action for Damages.

No. 3213.—Decided April 7, 1924.

VENUE—CHANGE OF VENUE—RESIDENCE—FOREIGN CORPORATION.—A foreign corporation has no residence in Porto Rico and the mere fact that its principal

office is in San Juan does not entitle it to a change of venue by reason of residence in a case brought in the District Court of Arecibo in which the said corporation is one of the defendants.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellants.

*Mr. H. F. Besosa* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaints in this case set up that the National Surety Company was a corporation of the United States which did business in Porto Rico, with its principal office in the city of San Juan, Porto Rico, and that its general agent was Harry F. Besosa, more than 21 years of age and a resident of San Juan; that the other defendants were residents of Ciales. It transpired that the other defendants were residents of Lajas within the judicial district of Mayagüez, but the residence of the other defendants is unimportant for the purposes of this opinion.

The National Surety Company, along with the demurrer, filed a motion for a change of venue and also an affidavit of merits. It appears from these papers that the theory of the National Surety Company in asking for a change of venue was the admitted fact that it had its principal office in San Juan. There was no question that the National Surety Company was a foreign corporation. The District Court of Arecibo granted the motion for a change of venue and the complainants appealed.

The Code of Civil Procedure, after determining the place where certain specified actions must be brought, provides in section 81 as follows:

"Sec. 81.—In all other cases, the action must be tried in the district in which the defendants, or some of them, reside at the commencement of the action; or, if none of the defendants reside in the Island of Porto Rico, or, if residing in this Island, the district in which they reside is unknown to the plaintiff, the same may be tried in any district which the plaintiff may designate in his complaint; and if the defendant is about to depart from said Island,

such action may be tried in any district where either of the parties reside, or service is had; subject, however, to the power of the court to change the place of trial, as provided in this Code.''

We had occasion first to interpret this article in the case of *Veve et al. v. The Fajardo Development Company,* 15 P. R. R. 563. There we held that a foreign corporation had no residence in the Island and that therefore the complainants had a right to choose their forum. The *Veve Case* was not one for a change of venue, but the jurisdiction of the District Court of Ponce was attacked on the ground that the defendant had its principal office elsewhere. *Yumet v. Royal Insurance Co.,* 29 P.R.R. 850, involved a change of venue and there we expressed a doubt whether a foreign corporation could acquire a residence in Porto Rico, and we held that the mere establishment of an agency did not effect a residence. Undoubtedly, if the *Veve Case* had been drawn to our attention, we should have been more positive, but by some error the doctrine of that case has not been well carried to the index. In the course of the *Veve Case* we cited from *Bank of Augusta v. Earle,* 13 Pet. 588:

''It is very true, that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of law. . . . . It must dwell in the place of its creation, and cannot migrate to another sovereignty. But although it must live and have its being in that State only, yet it does not by any means follow that its existence there will not be recognized in other places. Its residence in one State creates no insuperable objection to its power of contracting in another.''

That a corporation has its residence in the State incorporating it as laid down in the foregoing case, has been reaffirmed or followed in the following cases: *Shaw v. Quincy Mining Co.,* 145 U.S. 444; *Baumgarten v. Alliance Insurance Company,* 153 Fed. 302; *Squire Co. v. Portland,* 106 Me. 236, 30 L.R.A. (N.S.), 576; *Barbour v. Paige Hotel Co.,* 2 App. D.C. 179, and in practically all the cases that we shall

cite hereafter. In *Veve et al.* v. *The Fajardo Development Co.* also we cited from the leading case of *Thomas* v. *Placerville G. Q. U. Co.,* 65 Cal. 600, as follows:

"It may be sued here, not because it resides here, but because it has chosen to do business here by its agents. Its home is in the country where alone it has its being. As it resides, if anywhere, out of the State, an action against it may be tried in any county designated by the plaintiff. (Code Civ. Proc., sec. 395.) That is, of course, subject to the right of the corporation defendant to move for a change upon sufficient showing."

This case has been followed in *Rains* v. *Diamond Match Co.,* 153 Pac. 239, and in *Waechter* v. *Atchison T. & S. F.R. R. Co.,* 101 Pac. 41, cases of California.

It has also been followed, or a like principle laid down, in other States having similar statutes. *Roff Oil and Cotton Co.* v. *King* (Oklahoma), 148 Pac. 90; *New York Life Insurance Co.* v. *Pike* (Colorado), 117 Pac. 899; *Ivanusch* v. *Great Northern Ry. Co.* (South Dakota), 128 N. W. 333; *Denver* v. *Río Grande Ry. Co.,* 100 Fed. 738; *Boyer* v. *Northern Pacific Ry. Co.,* 8 Idaho, 74, 70 L.R.A. 691.

In *Railroad Company* v. *Koontz,* 104 U. S. 11, it was held that the question of suability and jurisdiction was not so much one of citizenship as of finding the defendant. It was pointed out in this and some of the foregoing cases that in transitory actions jurisdiction depends upon the finding of the defendant and he may be sued in any place where he may be found. Section 81 of the Code of Civil Procedure, or a similar provision in other States, makes it possible to sue a nonresident defendant in any court of the State, provided the defendant may be served within the State. A further quotation from *Boyer* v. *Northern Pacific R. Co.,* *supra,* is pertinent:

"In Thompson's Commentaries on the Law of Corporations (vol. 6 para. 7426) it is said: 'The rule as to venue deducible from the foregoing section is that a corporation whether foreign or domestic,

having a general residence in the state for the purposes of jurisdiction, is deemed to reside throughout the entire limits of the state, and especially in those counties where it carries on its business and exercises its franchises, and is, hence, suable in any county where it has an agent upon whom process against it may lawfully be served. It should be carefully kept in mind, however, that this rule is not so much a theory of the courts as to the legal situs of a corporation for the purposes of jurisdiction, as it is a rule in particular states, founded on the express language of statutes; and that, in so far as the states have the same rule, it is rather a rule depending upon a concurrence of legislation, than upon a concurrence of judicial decisions. The word 'nonresident' in this statute includes corporations, according to a principle of interpretation elsewhere referred to. The point upon which these statutes more frequently concur is that a transitory action may be brought against a railroad company in any county through which it operates its road, provided it has an agent in that county upon whom process may lawfully be served; and this irrespective of the question of the place where the cause of action accrued or the injury was done.' The correct rule applicable to this case is stated by Judge Thompson in the foregoing section. In the absence of any statutory provision fixing the place of trial in actions against foreign corporations in any particular county, we see no reason why such actions should not be brought and maintained in any county in this state. This, we think, is the policy and theory of our Code.''

In the notes to the foregoing case it is shown that a foreign corporation may become domestic on being granted a domestic charter, but beyond this there is no way that we know of in which a foreign corporation can cease to be a nonresident and subject to suit in any court of the Island and without right to a change of venue on account of residence.

The order of the district court of Arecibo must be reversed and the case remanded.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.