HEIRS OF JUANA EDUARDA PADILLA, composed of JUAN ANTONIO, LEONOR, JOSÉ NICOLÁS, JUANA FRANCISCA, CARMELO, ROSA and CECILIA VELÁZQUEZ PADILLA and JUAN PABÓN VELÁZQUEZ represented by his father with *patria potestas*, NICOLÁS PABÓN, Plaintiffs and Appellees, *v.* AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appellant.

No. 3683. Argued November 5, 1925.—Decided November 10, 1925.

1. CORPORATION—FOREIGN CORPORATION—DOMICILE—VENUE.—A foreign corporation has its domicile in the State or Territory of its creation and may be sued in any of the courts of this Island, according to the law and facts of each case.

2. ID.—ID.—ID.—ID.—The fact that a foreign corporation has its principal business office in a certain district does not give it the right to be sued in said district.

District Court of Aguadilla, Tomás Bryan, J.   Order denying change of venue. *Affirmed.*

*Mariano Acosta Velarde* for the appellant.   *García Méndez & García Méndez* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A change of venue is involved in this case. The suit for damages was brought in the District Court of Aguadilla against the American Railroad Company of Porto Rico, a foreign corporation registered and doing business in this Island. The defendant moved for a change of venue to the District Court of San Juan, alleging that "it has its prin-

cipal office, its place of business and legal residence in San Juan.'' The motion was overruled and the defendant took this appeal, filing a brief fully arguing its case.

The appellant invokes in its favor the decision of this court in the case of *Sarié v. P. R. Leaf Tobacco Co.,* 15 P. R.R. 190. That decision supports its contention, but in the same volume of the Reports there is another decision which is entirely adverse to it. We refer to the case of *Veve et al.* v. *The Fajardo Development Co.,* 15 P.R.R. 563, in which it was said:

''The first fact alleged in the complaint, and not contradicted by the defendant, is as follows:

'' 'That the defendant is a corporation created under the laws of the State of Connecticut, and authorized to do business in Porto Rico, having its domicile in the town of Fajardo, Porto Rico.'

''In view of the above-alleged fact, the conclusion is reached that the residence of the corporation defendant is not Fajardo, but' the State of Connecticut. Let us see why.

'' 'It is very true, that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of law . . . It must dwell in the place of its creation, and can not migrate to another sovereignty. But although it must live and have its being in that State only, yet it does not by any means follow, that its existence there will not be recognized in other places. Its residence in one State creates no insuperable objection to its power of contracting in another.' (*Bank of Augusta* v. *Earle,* 38 U.S.R. 588.)

'' 'In the jurisprudence of the United States a corporation is regarded as in effect a citizen of the State which created it. It has no faculty to emigrate. It can exercise its franchises extra territorially only so far as may be permitted by the policy or comity of other sovereignties. By the consent, express or implied, of the local government, it may transact there any business not *ultra vires,* and, ''like a natural person, may have a special or constructive residence, so as to be charged with taxes and duties or be subjected to a special jurisdiction.'' It is for the local sovereign to prescribe the terms and conditions upon which its presence by its agents and the conducting of its affairs shall be permitted.' (*St. Louis* v. *The Ferry Co.,* 78 U.S.R. 429.)

"The laws of Porto Rico permit corporations and joint stock companies, organized under the laws of any State of the Union or of the United States, or of any foreign Government, to do business in this Island, provided they comply with the prescriptions contained in said laws of Porto Rico; thus developing and applying the principles established in the judgments of the Supreme Court to which reference has been made.

"No provision is to be found in our laws which expressly determines that a corporation created out of the Island and authorized to do business in the Island, should be sued in the district where its principal office is located, while we have section 81 of the Code of Civil Procedure which provides that if none of the defendants reside in Porto Rico the suit may be tried in any district which the plaintiff may designate in his complaint.

"The Supreme Court of California, in construing a statute similar to the one in force in this Island, has said: 'A foreign corporation can not do business here without subjecting itself to the jurisdiction of our courts, but it is not a necessary corollary that it is entitled to claim a "residence" here. It can not escape the consequences of an illegal act done by its agents, within the scope of the authority it has conferred upon them, by setting up an existence under a foreign government.' (*People* v. *Central R.*, 48 Barb. 478.) 'It is liable to be sued to the same extent as an individual or company incorporated under the laws of this State.' (*Austin* v. *N. Y. & E. R.*, 1 Dutch., 383.) 'It may be sued here, not because it resides here, but because it has chosen to do business here by its agents. Its home is in the country where alone it has its being. As it resides, if anywhere, out of the State, an action against it may be tried in any county designated by the plaintiff.' (Code Civ. Proc., sec. 395.) 'This is, of course, subject to the right of the corporation defendant to move for a change upon sufficient showing.' (*Thomas* v. *Placerville G. Q. U. Co.*, 65 Cal., 600.)

"Thus then, applying to this specific case all that has been set forth, the conclusion must be reached that, inasmuch as the defendant has no residence in this Island, and the judicial district of Ponce has been designated by the plaintiff in his complaint, the court of said district has power to take cognizance of this case, in accordance with its jurisdiction, without prejudice to its faculty to change the place of trial."

The opinion in the *Veve Case, supra,* was delivered in

1909. In 1924 the question was carefully considered again in the case of *Del Río* v. *Heirs of Cancel,* 33 P.R.R. 8, and the doctrine laid down in the *Veve Case* was ratified. Recently in the case of *Ferraris* v. *The American Railroad Co. of Porto Rico, ante,* page 419, the same rule was applied. The case of *Yumet* v. *Royal Insurance Co.,* 29 P.R.R. 850, should be cited also.

[1, 2] It is, then, a question decided by this court that a foreign corporation (the word "foreign" including not only corporations created in other countries, but those brought to legal life in the different states, territories and possessions of the Union) is domiciled in the State of its creation and may be sued in any of the courts of Porto Rico according to the law and the facts of each particular case, without a right to plead the place of its principal business office in the Island in moving for a change of venue to the court of the district wherein its said office is located.

The order appealed from should be affirmed.

Mr. Justice Wolf took no part in the decision of this case.