LUIS M. ARCELAY, Plaintiff and Appellee, *v.* AMERICAN RAIL-- ROAD CO. OF PORTO RICO, Defendant and Appellaňt.

No. 4471. Argued May 3, 1928.—Decided November 13, 1928.

*M. Acosta Velarde* for the plaintiff. *González Fagundo & González Jr.* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff brought a personal action for damages against the American Railroad Co. of Porto Rico based óṅ an accident which occurred in the judicial district of Maÿa- güez between an auto truck of the plaintiff and a railróäd train of the defendant.

The complaint was filed in the District Court of Humacao and after the defendant had been notified of it by a summons served personally in the district of San Juan on its manáger the company moved the District Court of Humacao that thė action be transferred to the District Cóurt of San Juaṅ, al- leging and showing that thė defendaṅt iś a corporation ére- ated according to the làws of thė Stàtè of New York aṅd

authorized to do business in Porto Rico; that it neither operates nor has trains in the Humacao district where also it has no agent; that its principal office and the residence of its agent or representative are in the city of San Juan within the judicial district of that name; that any decision, statute, resolution, law or jurisprudence which deprives the defendant as a foreign corporation of the right possessed by a domestic corporation to be sued in the district where it has its main office, or denies it the right to move for a change of venue when sued in any other district than that of San Juan and determines that it may be sued in any district of the Island, denies and deprives the defendant of its right to the equal protection of the law and discriminates in favor of domestic corporations as against foreign corporations, in violation of the 14th Amendment to the Constitution of the United States and of section 2 of our Organic Act of March 2, 1917, which provides that no law shall be enacted denying to or depriving any person of the equal protection of the law.

The District Court of Humacao denied the change of venue and this appeal was taken from that order by the defendant. The appellee has made no appearance in this court and the appeal is submitted on the brief and argument of the appellant.

Under the law in force when the complaint was filed in the present case actions for damages of this nature must be tried in the district in which the defendants, or some of them, reside, according to section 81 of the Code of Civil Procedure; or if none of the defendants reside in Porto Rico, the suit may be tried in any district designated by the plaintiff in his complaint.

In accordance with that statute domestic corporations should be sued in the district of their residence as they are domiciled here, but as to foreign corporations doing business in this Island, it has been held that they may be sued in any district of the Island because they are not domiciled in this

Island, but in•the State of their creation. It was so held in *Veve* v. *Fajardo,* 15 P.R.R. 563, and *Del Río* v. *Heirs of Cancel,* 33 P.R.R. 8, in which this question was considered carefully and the court cited the cases of *Thomas* v. *Placeville G. Q. U. Co.,* 65 Cal. 600; *Rains* v. *Diamond Match Co.,* (Cal.) 153 Pac. 239; *Waetcher* v. *Atchison .T. & S. F. Ry. Co.,* (Cal.) 101 Pac. 41; *Roff. Oil and Cotton Co.* v. *King,* (Oklahoma) 148 Pac. 90; *New York Life Insurance Co.* v. *Pike,* (Colo.) 117 Pac. 899; *Ivanusch* v. *Great Northern Ry. Co.* (S. Dak.) 128 N. W. 333; *Denver & Río Grande Ry. Co.* v. *Roller,* 100 Fed. 738; *Boyer* v. *Northern Pacific Ry. Co.,* 8 Idaho, 74, 70 L.R.A. 691. The doctrine laid down in the first two cases cited was applied in *Ferraris* v. *Am. Railroad Co.,* and *Heirs of Padilla* v. *Am. Railroad Co.,* 34 P.R.R. 419 and 693. In the cases, decided by this court no constitutional question was proposed.

Recently the Supreme Court of the United States in the case of *Power Co.* v. *Saunders,* 274 U. S. 490, decided on May 31, 1927, held that a statute which provides that domestic corporations may be sued in the districts of their residences and does not apply the same provision to foreign corporations doing business in that State, which may be sued in any district and not in the one of their place of business, is contrary to the 14th Amendment to the Constitution of the United States of America which forbids a State to deny to any person within its jurisdiction the equal protection of the laws. Our Organic Act of March 2, 1917, provides also in paragraph 1 of section 2 that no law shall be enacted in this Island which shall deny to any person therein the equal protection of the laws.

In view of that decision of the highest court of the United States we reach the conclusion that the appellant has the right to be heard in the district of San Juan; therefore the ruling appealed from is set aside and substituted by an order granting the transfer of this action to the said district.