Hillsborough, } No. 3072.
May 2, 1939. }

ARTHUR J. BLANCHETTE

*v.*

NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY.

RUTH E. BLANCHETTE *v.* SAME.

208

*Robert W. Upton* (by brief and orally), for the plaintiffs.

*Demond, Sulloway, Piper & Jones* (*Mr. Jones* orally), for the defendant.

MARBLE, J. The plaintiffs' contention that the pleas are bad in form need not be considered. The material facts were established by agreement and the Presiding Justice correctly understood the question intended to be raised. Treating the pleas, with the defendant's acquiescence, as essentially motions to transfer the cases to the county in which the plaintiffs reside and holding as a matter of law that the actions should have been instituted there, he ordered the requisite change of venue. This procedure was entirely proper. P. L., *c.* 334, *s.* 8; *Berry* v. *Osborn*, 28 N. H. 279; *Brooks* v. *Howard*, 58 N. H. 190; *Bartlett* v. *Lee*, 60 N. H. 168; *Wheeler &c. Co.* v. *Whitcomb*, 62 N. H. 411; *Tucker* v. *Lake*, 67 N. H. 193; *Whitcher* v. *Association*, 77 N. H. 405, 406; *Langdell* v. *Company*, 78 N. H. 243, 244.

The actions are transitory, and "Transitory actions, in which any one of the parties is an inhabitant of the state, shall be brought in the county where some one of them resides. If no one of the

parties is an inhabitant of the state the action may be brought in any county." P. L., c. 328, s. 1. "The word 'inhabitant' may mean a resident or person dwelling and having his home in any city, town or place." P. L., c. 2, s. 6.

As applied to corporations the adjectives "foreign" and "non-resident" are usually regarded as synonymous. 27 Columbia Law Rev. 12, 13, note. A corporation has its residence and domicile in the state in which it is incorporated, and if it extends its activities to another jurisdiction it "is in the same position as any non-resident who sends his agents into a State to do business for him." Beale, Foreign Corporations, s. 73.

Nor does the fact that a corporation has complied with all the statutory provisions prescribed by a foreign state as prerequisites of the right to do business there, make the corporation a resident of that state in the sense in which the word "resident" is used in the statutes relating to the venue of actions. 1 Fletcher, Cyc. Corp., s. 397; *Ryan* v. *Company*, 41 Cal. App. 770, 771, 772; *Boyer* v. *Railway*, 8 Ida. 74; *Pue* v. *Railway*, 78 Mont. 40, 43.

In the recent case of *Babcock &c. Co.* v. *Spaulding*, 86 Fed. (2d) 256, the Circuit Court of Appeals held that a Maine corporation which owned and operated mills in New Hampshire was not a resident of this state within the meaning of P. L., c. 216, ss. 27, 28, 30, relating to conditional sales of personal property. And in the case of *Jackson* v. *Company*, 86 N. H. 341, in which an Ohio corporation brought suit against an Illinois corporation doing business here, this court advised the Superior Court to decline jurisdiction, holding that the case involved "a controversy between two non-residents."

The Presiding Justice correctly ruled that the defendant was not a resident of Hillsborough County. Whether or not justice requires the trial of the actions in that county is a question for future determination by the Superior Court. *Record* v. *Company*, 79 N. H. 495, 496; *Vidal* v. *Errol*, 86 N. H. 585.

*Exceptions overruled.*

All concurred.