## WESTERN–KNAPP ENGINEERING CO. v. GILBANK.

### No. 10073.

Circuit Court of Appeals, Ninth Circuit.

June 30, 1942.

Arthur P. Shapro, of San Francisco, Cal. (Harold A. Block, of San Francisco, Cal., of counsel), for appellant.

James H. Mitchell, Clive W. Johnson, and Frank M. Ludwick, all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court confirming an order of the referee in bankruptcy, holding that appellant does not have a lien on certain mining machinery in the possession of the bankrupt, a corporation organized under the laws of Nevada, because the conditional sales contract, under which the bankrupt buyer acquired the machinery and the appellant claims the lien, had not been recorded in the county in California in which the bankrupt was held to have resided, as required by Sections 2980 and 2959a of the California Civil Code.

Section 2980 provides: "Every conditional sales contract * * * of equipment and machinery used or to be used for mining purposes, must be * * * recorded within twenty (20) days after its execution in the office of the recorder *of the county where the buyer * * * resides* at the time he executes such contract * * * or in case the buyer * * * is a nonresident of this State, in the office of the recorder of the county or counties where the property involved is located at the time the contract · * * * is executed by the buyer * * * [it] shall also be recorded in every case in the county where the property is situated otherwise, it shall be void as to the lien or interest of the seller * * * while said property is in the possession of any of the last mentioned parties [buyer]. * * *" (Emphasis supplied.)

Section 2959a is stated to be applicable to all such instruments. This section provides: "Where the mortgagor of personal property or crops is *a corporation* or a partnership the *county of residence* thereof for the purpose of recording such mortgage shall be deemed to be the county wherein such corporation or partnership has its principal place of business within this state." (Emphasis supplied.)

The sole question on this appeal is whether the bankrupt was a non-resident of the state within these provisions of the Civil Code.

The findings of the referee which were adopted by the district court show that the bankrupt is a corporation organized under the laws of Nevada. Its articles provided that it could conduct all corporate business of every kind and nature outside the State of Nevada. In 1937, it qualified to do business in the State of California under Section 405 of the California Civil Code, and designated Santa Monica, Los Angeles County, as its principal office within the state. Except for its organizational meeting, all meetings of the board of directors have been held in California. It was specifically found, and the finding is not as-

signed as error here, that "with the exception of the initial legal processes of organizing the corporate body in the State of Nevada, every substantial activity and function of the Jumbo Consolidated Mining Company [the bankrupt] has been carried on and performed within the State of California." It was admitted that all the corporate property was in California.

In 1938, appellant and the bankrupt entered into the conditional sales contract for the purchase of the mining machinery in question, which was to be located on a mine operated by the bankrupt in Calaveras County, California. The contract was promptly recorded in that county but was never recorded in Los Angeles County. The referee and the district court found that the bankrupt was a resident of the State of California, residing in Los Angeles County. It was therefore required by the above recordation sections of the Civil Code to record the contract in that county to create a valid lien on the mining machinery, and because of the failure to do so the district court decided appellant had no lien thereon. This appeal followed.

There are no cases in California deciding whether a foreign corporation can "reside" in a county within the meaning of the recordation sections of the Code. There are cases, however, on the question whether a foreign corporation doing business in California can acquire a county residence within the state for the purpose of venue. The early cases held that such residence could not be acquired.[1] These cases were explained in Bohn v. Better Biscuits, Inc., 26 Cal.App.2d 61, 78 P.2d 1177,[2] wherein it was finally established that a foreign corporation doing business in California, having designated its principal office pursuant to Section 405 of the California Civil Code provision (passed in 1929), could acquire a county residence in the state for the purpose of venue. The court in that case construed the venue provision of Section 395 of the Code of Civil Procedure which reads as follows: "In all other cases, * * * the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. * * * If none of the defendants reside[s] in the State, * * * the action may be tried in any county which the plaintiff may designate in his complaint."

In relation to this section, the court held: "The plaintiff stresses the word 'reside.' It then contends that as the defendant is a foreign corporation having its principal place of business at Grand Rapids, Mich., that place is its residence and it may not be heard to claim that it resides at any other place. If by the use of the word 'reside' one means 'domicil' that contention would be sound. * * * It is not claimed that there is anything in the context showing the word 'reside' was intended to mean 'domicil.' By approved usage of the language 'reside' means: 'Live, dwell, abide, sojourn, stay, remain, lodge.' * * * By a long line of decisions it has been held that a domestic corporation resides at the place where its principal place of business is located. Walker v. Wells Fargo Bank, etc., Co., 8 Cal.2d 447, 65 P.2d 1299. The designation of the principal place of business of a domestic corporation is contained in its articles. Civ.Code, § 290 * * *. The designation of the principal place of business of a foreign corporation in this state is contained in the statement which it is required to file in the office of the secretary of state before it may legally transact business in this state. Civ.Code, § 405 * * *. Prior to the enactment of sections 405—406a * * * a foreign corporation had no locus in this state. No statute required it to designate, by a written statement duly filed in the office of the secretary of state, the location of its principal place of business in the state. After the enactment of said sections, the principal place of business of foreign corporations as well as domestic corporations was fixed by law. When the reason is the same, the rule should be the same. Civ.Code, § 3511. It follows * * * by reason of the enactment of section 405 et seq. of the Civil Code * * * said section 395 of the Code of Civil Procedure * * * applies to persons both natural and artificial and whether the corporation is a domestic or a foreign corporation." Bohn v. Better Biscuits, Inc., 26 Cal.App.2d 61, 64, 65, 78 P.2d 1177, 1179, 80 P.2d 484.

That court also distinguishes the case of Power Manufacturing Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165, where

---

[1] Thomas v. Placerville G. Q. M. Co., 65 Cal. 600, 4 P. 641; Ryan v. Inyo Cerro Gordo Mining, etc., Co., 41 Cal. App. 770, 183 P. 250.

[2] Approved by California Supreme Court on denial of petition for hearing, 26 Cal.App.2d 72, 80 P.2d 484.

a venue statute was held unconstitutional because it was arbitrary and discriminatory in permitting suit against foreign corporations in any county of the state, while a domestic corporation could be sued only in certain counties.

The reasoning of the Bohn case is applicable to the case here, though it dealt with a venue and not a recording statute. The recording statute, supra, requires recordation with the recorder "of the county where the buyer * * * resides." This corresponds with the phrase "the county in which the defendants, * * * reside," used in section 395 of the Code of Civil Procedure, the venue section. Also, section 2959a, supra, which makes the recording act applicable to corporations and states that their residence shall be the county of their principal place of business does not specify domestic corporations only, but uses the general term "corporations."

In this latter respect the situation is different from the North Carolina statute involved in Ward v. Southern Sand & Gravel Co., D.C., 33 F.2d 773, a case relied on by appellant. The recording statute in that case stated that for the purposes of the section the principal place of business of a domestic corporation is its residence. The federal court held that the inference was that by limiting the section to domestic corporations, the legislature intended to treat foreign corporations as non-residents.

We hold that because of the failure of appellant to record the conditional sales contract in the county of the residence of the bankrupt, no lien was created in favor of appellant.

Affirmed.