Hillsborough
No. 79-209

MERCHANTS NATIONAL BANK OF MANCHESTER & a.

v.

TOWN OF EXETER
CITY OF MANCHESTER

March 5, 1980

158

[REDACTED]

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester, waived brief and oral argument, for the plaintiffs Merchants National Bank of Manchester, Concord National Bank and Laconia Peoples National Bank & Trust Company.

*Robert Shaw* and *Alex Komaridis*, of Exeter (*Mr. Shaw* orally), for the defendant town of Exeter.

*Elmer T. Bourque*, city solicitor, and *James A. Manning*, assistant city solicitor, of Manchester (*Mr. Manning* orally), for the defendant city of Manchester.

BOIS, J.    This is a bill of interpleader to determine which of the two defendants is entitled to the tax payments required of the plaintiff banks pursuant to RSA 84:1, :5. The only issue raised is the place of residency of the corporate holding company, First Bancorp of New Hampshire, Inc. (Bancorp), on April 1, 1975. The Trial Court (*Flynn*, J.) reserved and transferred the defendant city of Manchester's exception to the following order:

> Upon all the evidence, the Court finds and rules that First Bancorp was a resident of Exeter on April 1, 1975, and the plaintiff [sic] shall pay its [sic] taxes due for the year 1975 to Exeter.

We overrule the exception.

The record discloses that the statutory principal place of business of Bancorp on April 1, 1975, as established in its articles of agreement, was 154 Water Street, Exeter, New Hampshire. On April 15, 1975, Bancorp amended its articles of agreement and designated Manchester, Hillsborough County, New Hampshire, as the corporation's principal place of business. Bancorp presented testimony at trial that it had rented and maintained its de facto principal office at 1000 Elm Street in Manchester since May 1974.

The defendant city of Manchester concedes that statutes governing corporations require corporate articles of agreement to contain "the

address at which the business of the corporation is to be carried on." Relying on *Woodsum Steamboat Co. v. Sunapee*, 74 N.H. 495, 69 A. 577 (1908), however, it argues that the residence of a corporation is the town or city where its business is principally executed, in this case Manchester. It challenges the sufficiency of proof, alleging that the court's ruling "could not reasonably be made on the evidence" before it.

The purpose of the statutory requirement of a charter designation of location is primarily for the benefit of the public; such as fixing the jurisdiction of the courts, facilitating service of process, the tax situs, a place of contact for persons having occasion to find the responsible management. 1 FLETCHER CYC. CORP. § 140 (perm. ed. 1974); 8 FLETCHER CYC. CORP. § 4046 (perm. ed. 1966). Although courts are not in agreement as to whether the statement in the articles of incorporation regarding the location of the principal place of business is conclusive, the majority rule is that such a statement is not conclusive but is a question of fact, with due regard being given to the recital of the location in a certificate of incorporation as an element of proof. *Id. See generally* 18 C.J.S. *Corporations* § 176 (1939).

This court has held that where a statute requires the articles of agreement to state the place where business is to be carried on, it is not enough to state the city or town where the stockholders meetings are held and where the clerk has an office when the business is actually carried on elsewhere. *Woodsum Steamboat Co. v. Sunapee*, 74 N.H. 495, 69 A. 577 (1908); *Kennett v. Company*, 68 N.H. 432, 39 A. 585 (1895); *see also Blanchette v. Company*, 90 N.H. 207, 6 A.2d 161 (1939). We hold that a statement contained in articles of agreement as to the situs of the principal place of business of a corporation is not conclusive of that fact and that the trial court was correct in deciding the question of residency "upon all the evidence."

A review of the record discloses that the 1971 original designation of Exeter as the corporate principal place of business was not changed until the April 15, 1975, amendment. Administrative duties were shared by the officers of Bancorp who had dual functions and titles within the holding company and the subsidiary banks. They maintained offices in the various member banks where committee and other meetings were held. Bancorp's checking account was maintained in Exeter although the checks were returned to Manchester for reconciliation and filing. However, there was also testimony that directors' meetings were held at the Manchester office where the books of account were maintained and from where most of the corporation's "day-to-day" operations were conducted.

"The test on appeal is not whether we would have found as the master [court] did, but whether there was evidence on which he could reasonably base his finding." *Win-Tasch Corporation v. Town of Merrimack*, 120 N.H. 6, 411 A.2d 144 (1980). We hold that there was sufficient evidence to support the finding that the corporate residence was in Exeter.

*Exception overruled.*

All concurred.