YUMET, DEMANDANTE Y APELADO, *v.* ROYAL INSURANCE COMPANY, INC., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre cobro de póliza de seguro.—Moción de traslado.

No. 2465.—Resuelto en julio 26, 1921.

TRASLADO DEL CASO—RESIDENCIA EN PUERTO RICO DE CORPORACIONES EXTRANJE- RAS.—El mero hecho de que una corporación extranjera establezca en Puerto Rico y en San Juan una agencia de negocios no es bastante para concluir, a los fines de una moción de traslado, que dicha corporación tiene residencia en la isla. Por tanto, no importa que la demandada o su agente hubieran jurado que la corporación tenía residencia en San Juan, porque tal afirma- ción constituye simplemente una conclusión legal.

Los hechos están expresados en la opinión.

Abogados de la apelante: Sres. *E. Acuña* y *L. Janer Landrón.*

Abogado del apelado: Sr. *J. García Ducós.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Royal Insurance Company es una corporación extran- jera y al ser demandada en Aguadilla solicitó el traslado del pleito a San Juan por el fundamento, como asumimos, de que su principal oficina estaba situada en San Juan.

El artículo 78 del Código de Enjuiciamiento Civil pres- cribe lo siguiente:

"La residencia legal de los comerciantes en todo lo que concierna a actos y contratos mercantiles y sus consecuencias, será el pueblo donde tuvieren el centro de sus operaciones comerciales.

"Los que tuvieren establecimientos mercantiles a su cargo en diferentes distritos judiciales, podrán ser demandados por acciones personales en aquel en que tuvieren el principal establecimiento, o en el que se hubieren obligado, a elección del demandante."

La cuestión legal fundamental es si una corporación extranjera puede adquirir una residencia en Puerto Rico, prescribiendo el artículo 81 del Código de Enjuiciamiento Civil que si ninguno de los demandados residiere en la isla el pleito pudiera seguirse en cualquier distrito designado por el demandante en la demanda. Hasta que nos convenzamos de lo contrario nos sentimos obligados a resolver que el mero establecimiento de una agencia en Puerto Rico y en San Juan no establece una residencia en la isla. 40 Cyc. 102 f. Por tanto, no importaría que la demandada o su agente hubieran jurado que la corporación tenía una residencia en San Juan, porque tal cuestión es una conclusión legal.

La corte inferior, al negarse a trasladar la causa no fundó su conclusión exclusivamente en este fundamento legal sino más bien en una cuestión de hecho, o sea, que el *affidavit* de los demandados no demostraba satisfactoriamente una residencia en San Juan y que existía un conflicto en los *affidavits* de las partes, el cual ella resolvió a favor del demandante. Sin detenernos a examinar la suficiencia del juramento a uno de los *affidavits*, podemos dudar si la alegación de que la demandada "tiene como única oficina en Puerto Rico la establecida por sus agentes generales, Sobrinos de Ezquiaga, en San Juan," es equivalente a decir que la demandada tiene establecido un domicilio o residencia en San Juan. Sostenemos que faltan hechos para probar tal residencia o domicilio y que el *affidavit* sólo muestra con certeza el establecimiento de una agencia. El otro *affidavit* tendía a probar únicamente el hecho de que la Royal Insurance Company no tenía otra

agencia en Puerto Rico que el establecido por sus agentes en San Juan.

Asimismo nos sentimos obligados a aceptar la conclusión de la corte de que no se probó debidamente que la única agencia de la Royal Insurance Company estaba en San Juan. La demostración hecha por el apelado fué que había una agencia en Aguadilla. Por tanto aún de acuerdo con el artículo 78 si una compañía de seguros podía considerarse como un comerciante el lugar del juicio quedó bien establecido.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.