DEL RÍO ET AL., DEMANDANTES Y APELANTES, *v.* SUCESIÓN CANCEL ET AL., DEMANDADOS Y APELADOS.

. No. 3213.—*Visto:* Marzo 27, 1924. *Resuelto:* Abril 7, 1924.

TRASLADO POR RAZÓN DE RESIDENCIA—CORPORACIONES EXTRANJERAS; RESIDENCIA DE.—Una corporación extranjera carece de residencia en Puerto Rico y el mero hecho de que tenga su oficina principal en San Juan no le da derecho a solicitar por razón de residencia el traslado de un pleito iniciado ante la Corte de Distrito de Arecibo, en el cual dicha corporación es una de las partes demandadas.

RESOLUCIÓN de *Enrique Lloreda,* J. (Arecibo), ordenando el traslado del caso. *Revocada y devuelto el caso.*          .

*V. Polanco de Jesús,* abogado de los apelantes; *H. F. Besosa,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Los demandantes en este caso alegaron que la National Surety Company era una corporación de los Estados Unidos que hacía negocios en Puerto Rico, con oficina principal en la ciudad de San Juan, Puerto Rico, y que su agente general era Harry F. Besosa, mayor de 21 años de edad y vecino de San Juan; que los demás demandados son residentes de Ciales. Los otros demandados apareció que eran residentes de Lajas, dentro del distrito judicial de Mayagüez, pero la residencia de los demás demandados no es importante para los fines de esta opinión.

La National Surety Company, junto con una excepción previa, radicó una moción de traslado del caso y también un *affidavit* de méritos. Aparece de estos documentos que la teoría de la National Surety Company al solicitar el traslado del caso era el hecho admitido de que tenía su oficina principal en la ciudad de San Juan. No hubo discusión alguna de que la National Surety Company era una corpo-

ración extranjera.  La Corte de Distrito de Arecibo declaró con lugar la moción de traslado y los demandantes apelaron.

El Código de Enjuiciamiento Civil, después de determinar el lugar en que deben seguirse ciertas acciones, prescribe en el artículo 81 lo siguiente:

"Art. 81.—En todos los demás casos el pleito deberá verse en el distrito en que residieren los demandados, o algunos de ellos, al iniciarse el litigio; y si ninguno de los demandados residiere en la Isla de Puerto Rico, o si residiendo en ella, ignorase el demandante el distrito en que residan, el pleito podrá seguirse en cualquier distrito designado por el demandante en la demanda; y si el demandado estuviere a punto de ausentarse de esta isla, el pleito podrá seguirse en el distrito en que cualquiera de las partes resida, o en que se haga la citación, sin perjuicio de la facultad de la corte para cambiar el lugar del juicio, según lo dispuesto en este Código."

Tuvimos primero ocasión de interpretar este artículo en el caso de *Veve et al.* v. *The Fajardo Development Company,* 15 D.P.R. 577.  Allí resolvimos que una corporación extranjera no tenía residencia en la isla y que por tanto los demandantes tuvieron el derecho a elegir su sitio (*forum*).  El caso de Veve no era uno sobre traslado, pero en él se atacó la jurisdicción de la Corte de Distrito de Ponce por el fundamento de que la demandada tenía su oficina principal en otra parte.  En el caso de *Yumet* v. *Royal Insurance Co.,* 29 D. P. R. 912, la cuestión envuelta era un traslado y allí expresamos tener duda sobre si una corporación extranjera podía adquirir una residencia en Puerto Rico, y resolvimos que el mero establecimiento de una agencia no traía como consecuencia una residencia.  Indudablemente que si se nos hubiera llamado la atención hacia el caso de Veve hubiéramos sido más terminantes, pero por cierto error la doctrina de ese caso no ha sido bien llevada a los índices.  En el curso de la opinión del caso de *Veve* citamos el de *Bank of Augusta* v. *Earle,* 13 Pet. 588, donde se dice:

"Es bien cierto que una corporación no puede tener existencia legal, fuera de los límites de la soberanía que le dió vida. Ella existe sólo a virtud de la ley y por la fuerza de la ley.  *  *  * Ella debe residir en el lugar de su creación y no puede emigrar a otra Soberanía. Pero aunque ella debe vivir y tener su existencia solamente en el Estado de su origen, no debe por esto seguirse que tal existencia no pueda ser reconocida en otros lugares. Su residencia en un Estado, no es una objeción insuperable a su poder para contratar en otros."

Que una corporación tiene su residencia en el Estado que la incorpora, como se estableció en el caso que acabamos de citar, es un principio que ha sido ratificado u observado en los siguientes casos: *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444; *Baumgarten* v. *Alliance Insurance Co.*, 153 Fed. 302; *John P. Squire Co.* v. *Portland*, 106 Me. 236, 30 L. R. A. (N. S.) 576; *Barbour* v. *Paige Hotel Co.*, 2 App. D. C. 179, y prácticamente en todos los casos que luego citaremos. En el caso de *Veve et al.* v. *The Fajardo Development Co.* se citó también del caso principal de *Thomas* v. *Placerville G. Q. U. Co.*, 65 Cal. 600, a saber:

"Ella puede ser demandada aquí, no porque resida aquí, sino porque ella ha escogido este lugar para hacer negocios por medio de sus agentes. Su hogar está en el país en donde ella solamente existe. Y como si ella reside, lo es en cualquier parte, fuera de este Estado, una acción contra ella puede tramitarse en cualquier condado designado por el demandante (Code Civ. Proc., par. 395). Esto está por supuesto, sujeto al derecho de la corporación demandada a solicitar un traslado basado en causa suficiente."

Este caso fué seguido en el de *Rains* v. *Diamond Match Co.*, 153 Pac. 239; y en *Waechter* v. *Atchison T. & S. F. Ry. Co.*, 101 Pac. 41, casos de California.

También se ha observado o establecido un principio semejante en otros Estados que tienen estatutos similares. *Roff Oil and Cotton Co.* v. *King,* (Oklahoma), 148 Pac. 90; *New York Life Insurance Co.* v. *Pike,* (Colo.), 117 Pac. 899; *Ivanusch* v. *Great Northern Ry. Co.,* (So. Dak.), 128 N. W. 333; *Denver & Río Grande Ry. Co.* v. *Roller,* 100 Fed.

738; *Boyer* v. *Northern Pacific Ry. Co.*, 8 Idaho 74, 70 L. R. A. 691.

En el caso *Railroad Company* v. *Koontz*, 104 U. S. 11, se resolvió que la cuestión de poder demandar y de la jurisdicción no era tanto de ciudadanía como de encontrar al demandado. Se sugirió en este y en algunos de los casos anteriores, que en acciones transitorias la jurisdicción depende del acto de encontrar al demandado, quien puede ser demandado en cualquier sitio donde se le encuentre. El artículo 81 del Código de Enjuiciamiento Civil, o los preceptos semejantes de otros Estados prescriben que puede seguirse una acción contra un demandado no residente en cualquier corte del estado, siempre que el demandado pueda ser citado dentro del estado. Hay otra cita del caso de *Boyer* v. *Northern Pacific R. Co., supra* que es pertinente, a saber:

"En los Comentarios de Thompson sobre la Ley de Corporaciones (tomo 6, párrafo 7426) se dice lo siguiente: 'La regla en cuanto al lugar del juicio según se infiere de la precedente sección es que una corporación, ya sea extranjera o doméstica, que tiene una residencia general en el estado para fines de jurisdicción, se considera que reside en todo el Estado, y especialmente en aquellos condados donde realiza su negocio, y ejerce sus franquicias, y puede, por tanto, demandarse en cualquier condado donde tenga un agente contra quien pueda servirse legalmente un emplazamiento. Debe tenerse muy presente, sin embargo, que esta regla no es tanto una teoría de las cortes en cuanto a la residencia legal de una corporación para fines de jurisdicción, como una regla en determinados estados, que se funda en el lenguaje expreso de los estatutos; y que, en cuanto a los estados que tienen la misma regla, es más bien una regla que depende de una legislación concurrente que de la concurrencia de decisiones judiciales. La palabra "no residente" en este estatuto comprende las corporaciones, según el principio de interpretación a que en otro lugar se ha hecho referencia. El punto en el cual estos estatutos convienen más frecuentemente es que una acción transitoria puede establecerse contra una compañía de ferrocarriles, en cualquier condado en el cual funciona su ferrocarril, siempre que tenga un agente en ese condado a quien pueda no-

tificársele legalmente el emplazamiento; y esto sin tener en cuenta la cuestión del lugar donde la causa de acción se originó, o el perjuicio se ocasionó.' La regla correcta aplicable a este caso ha sido expresada por el Juez Thompson en la precedente sección. A falta de cualquier precepto estatutorio que determine el lugar del juicio en acciones contra corporaciones extranjeras en algún condado en particular, no vemos ninguna razón por la cual tales acciones no deban establecerse y sostenerse en cualquier condado en este estado. Entendemos que esta es la norma y teoría de nuestro Código.''

En las notas al caso anterior se indica que una corporación extranjera puede convertirse en doméstica al concedérsele una carta constitutiva doméstica, pero fuera de esto no hay medio que sepamos por el cual una corporación extranjera pueda dejar de ser no residente y quedar sujeta a una acción en cualquier corte de la isla sin derecho al traslado del caso por razón de residencia.

La resolución dictada por la Corte de Distrito de Arecibo *debe ser revocada, devolviéndose el caso a la corte de distrito para ulteriores procedimientos no incompatibles con esta opinión.*