Fernando Ferraris, demandante y apelado, *v.* The American Railroad Company of Porto Rico, demandada y apelante.

No. 3623.—*Visto:* Mayo 29, 1925. *Resuelto:* Julio 8, 1925.

1. Corporaciones—Corporaciones Extranjeras—Acciones Ejercitadas Contra las Mismas—Derecho a Solicitar Traslado de Pleitos.—El hecho que una corporación extranjera tenga su oficina principal en determinada ciudad no le da derecho a solicitar el traslado de un pleito iniciado contra ella en un distrito distinto a aquel en que tiene su oficina principal.

2. Corporaciones—Corporaciones Extranjeras—Acciones Ejercitadas Contra las Mismas—Residencia Legal.—Una corporación extranjera dedicada al comercio en esta Isla no tiene su residencia legal en el sitio en que radica el centro de sus negocios, ni derecho a ser allí demandada.

Resolución de *Tomás Bryan,* J. (Aguadilla), declarando sin lugar una moción de traslado. *Confirmada.*

*Mariano Acosta Velarde,* abogado de la apelante; *García Méndez & García Méndez,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La apelante es una corporación organizada en el Estado de Nueva York que hace negocios en esta Isla explotando un ferrocarril para el transporte de pasajeros y de carga y habiendo sido demandada en el distrito judicial de Agua-

dilla para que indemnice los daños y perjuicios por el daño que el demandante alega le causó a un automóvil de su propiedad al chocar con uno de sus trenes en el distrito de Aguadilla, solicitó el traslado del pleito a la Corte de Distrito, Segundo Distrito, de San Juan, fundándose en que aquí debe tramitarse el pleito por ser donde tiene su oficina principal.

Esa cuestión ha sido resuelta por nosotros en varias ocasiones y considerada detenidamente en el caso de *Del Río* v. *Sucesión Cancel y otros,* 33 D.P.R. 9, en el que haciendo una revisión de nuestras anteriores decisiones y de otras de diversos Estados de los Estados Unidos, hemos declarado, según el resumen que de ella se ha hecho, que una corporación extranjera carece de residencia en Puerto Rico y que el mero hecho de que tenga su oficina principal en San Juan no le da derecho por razón de residencia a solicitar el traslado del pleito a San Juan, doctrina que es aplicable al caso presente.

Alega el apelante que según el Código de Comercio tiene el carácter de comerciante por dedicarse a la explotación de un ferrocarril y que siendo San Juan el centro de sus negocios es su residencia legal y tiene derecho a ser demandado en San Juan, de acuerdo con el artículo 78 del Código de Enjuiciamiento Civil, pero nos bastará decir que aunque se dedique al comercio en Puerto Rico su residencia legal no está en San Juan sino en el Estado de Nueva York, según se dice en el caso antes citado.

*La resolución apelada debe ser confirmada.*