Sucesión de Juana Eduarda Padilla, compuesta por sus hijos Juan Antonio, Leonor, José Nicolás, Juana Francisca, Carmelo, Rosa y Cecilia Velázquez y Padilla y por su nieto Juan Pabón Velázquez, por derecho de representación de su premuerta madre María Luisa Velázquez, representada por su padre con patria potestad, Nicolás Pabón, demandante y apelada, *v.* The American Railroad Company of Porto Rico, demandada y apelante.

No. 3683.—*Visto:* Noviembre 5, 1925.   *Resuelto:* Noviembre 10, 1925.

1. Corporaciones—Corporaciones Extranjeras—Acciones Ejercitadas Contra las Mismas—Residencia Legal.—Una corporación extranjera reside en el Estado, territorio, etc., de su creación y puede ser demandada en cualesquiera de las cortes de esta Isla, de acuerdo con la ley y las circunstancias de cada caso.

2. Corporaciones—Corporaciones Extranjeras—Acciones Ejercitadas Contra las Mismas—Derecho a Solicitar Traslado del Pleito.—El hecho de que una corporación extranjera tenga su oficina principal de negocios establecida en determinado distrito no le da derecho a ser demandada en dicho distrito.

Resolución de *Tomás Bryan,* J. (Aguadilla), declarando sin lugar una moción sobre traslado del pleito.   *Confirmada.*

*Mariano Acosta Velarde,* abogado de la apelante; *García Méndez & García Méndez,* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de un caso de traslado.   La demanda, de daños y perjuicios, se entabló en la Corte de Distrito de Aguadilla, contra The American Railroad Co. of Porto Rico, una corporación extranjera que está registrada y realiza negocios en la Isla.   La demandada pidió el traslado del pleito a la Corte de Distrito de San Juan, alegando que en San Juan "tiene su oficina principal, centro de operaciones y residencia legal."   La petición fué negada y la demandada interpuso

la presente apelación archivando un alegato en el que discute ampliamente su caso.

Invoca la apelante en favor suyo la decisión de esta corte en el caso de *Sarié* v. *P. R. Leaf Tobacco Co.*, 15 D.P.R. 204. Dicha decisión apoya su contención, pero en el mismo tomo quince aparece otra decisión que le es enteramente adversa. Nos referimos a la de *Veve et al.* v. *The Fajardo Development Co.*, 15 D.P.R. 577, en la que se dijo:

"El hecho primero de la demanda, no contradicho por la demandada, dice así:

" 'Que la demandada es una corporación creada bajo las leyes del estado de Connecticut y autorizada para hacer negocios en Puerto Rico, teniendo su domicilio en el pueblo de Fajardo, P. R.

" 'A virtud de lo consignado en tal hecho se llega a la conclusión de que la residencia de la corporación demandada no es Fajardo, sino el estado de Conneticut. Veamos por qué.

" 'Es bien cierto que una corporación no puede tener existencia legal, fuera de los límites de la soberanía que le dió vida. Ella existe sólo a virtud de la ley y por la fuerza de la ley. \* \* \* Ella debe residir en el lugar de su creación y no puede emigrar a otra Soberanía. Pero aunque ella debe vivir y tener su existencia solamente en el Estado de su origen, no debe por esto seguirse que tal existencia no pueda ser reconocida en otros lugares. Su residencia en un Estado, no es una objeción insuperable a su poder para contratar en otros.' (Bank of Augusta v. Earle, 38 U. S. 588.)

" 'En la jurisprudencia de los Estados Unidos, una corporación es considerada como si en efecto fuera un ciudadano del estado que la creó. Ella no tiene facultad para emigrar. Ella puede ejercer sus franquicias extraterritorialmente, sólo en cuanto se lo permita la cortesía de otros Estados. Por el consentimiento expreso o implícito, del gobierno local de otro Estado, ella puede realizar cualquier negocio que no esté fuera del alcance de sus facultades (*no ultra vires*), y, como una persona natural, puede tener una residencia especial o interpretativa, de manera que puedan imponérsele contribuciones y sujetársela a una jurisdicción especial. Corresponde a la soberanía local el prescribir los términos y condiciones bajo los cuales se permite la presencia de las corporaciones por medio de sus agentes y el ejercicio de sus negocios.' (*St. Louis* v. *The Ferri Co.*, 78 U.S.R. 429.)

"Las leyes de Puerto Rico permiten a las corporaciones y a las compañías por acciones organizadas bajo las leyes de cualquier Estado de la Unión, o de los Estados Unidos, o de cualquier gobierno extranjero, realizar sus negocios en esta Isla, siempre que cumplan con las prescripciones que en las dichas leyes de Puerto Rico se consignan; desenvolviendo y aplicando así los principios establecidos en las sentencias del Tribunal Supremo que hemos citado.

"No existe en nuestras leyes ninguna disposición que expresamente fije que una corporación creada fuera de la Isla y autorizada para negociar en la Isla, deba ser demandada en el distrito en donde instale su oficina principal, y existe el artículo 81 del Código de Enjuiciamiento Civil que establece que si ninguno de los demandados residiere en Puerto Rico, el pleito podrá seguirse en cualquier distrito designado por el demandante en su demanda.

"Interpretando un estatuto igual al vigente en esta Isla, la Corte Suprema de California ha dicho: ''Una corporación extranjera no puede hacer negocios aquí sin sujetarse ella misma a la jurisdicción de nuestras cortes; pero esto no quiere decir que sea una consecuencia necesaria que ella esté autorizada a reclamar una residencia aquí. Ella no puede eludir las consecuencias de un acto ilegal hecho por sus agentes, dentro del alcance de las facultades que les confirió, alegando una existencia bajo un gobierno extranjero. (People v. Central R., 48 Barb. 478.) Ella está sujeta a ser demandada aquí del mismo modo que un individuo o compañía incorporada bajo las leyes de este Estado. (Austin v. N. Y. y E. R., 1 Dutch 383.) Ella puede ser demandada aquí, no porque resida aquí, sino porque ella ha escogido este lugar para hacer negocios por medio de sus agentes. Su hogar está en el país en donde ella solamente existe. Y como si ella reside, lo es en cualquier parte, fuera de este Estado, una acción contra ella puede tramitarse en cualquier condado designado por el demandante (Code Civ. Proc., par. 395). Esto está, por supuesto, sujeto al derecho de la corporación demandada a solicitar un traslado basado en causa suficiente.' (*Thomas* v. *Placerville G. Q. U. Co.*, 65 Cal. 600.

"En tal virtud, aplicado todo lo expuesto a este caso concreto, debe llegarse a la conclusión de que no residiendo la demandada en esta Isla y habiéndose designado el distrito judicial de Ponce por el demandante en su demanda, la corte de tal distrito tiene poder para conocer con arreglo a su jurisdicción en este caso, sin perjuicio de su facultad para cambiar el lugar de la celebración del juicio.''

La opinión en el caso de *Veve, supra,* se emitió en 1909.

En 1924 la cuestión fué cuidadosamente considerada de nuevo en el caso de *Del Río* v. *Sucesión Cancel,* 33 D.P.R. 9, y resuelta ratificando la doctrina establecida en el repetido caso de *Veve.* Ultimamente en el caso de *Ferraris* v. *The American Railroad Co. of P. R.,* 34 D.P.R. 438, se aplicó el mismo principio. También debe citarse el caso de *Yumet* v. *Royal Insurance Co.,* 29 D.P.R. 912.

[1, 2] Es, pues, cuestión resuelta para esta Corte Suprema que una corporación extranjera, comprendiendo la palabra extranjera no sólo las corporaciones creadas en otros países, sino las surgidas a la vida legal en los diferentes estados, territorios y posesiones de la Unión, reside en el Estado de su creación y puede ser demandada en cualesquiera de las cortes de justicia de Puerto Rico de acuerdo con la ley y las circunstancias de cada caso concreto, sin derecho a invocar el sitio de su oficina principal de negocios en la Isla para solicitar el traslado a la corte del distrito en que dicha oficina radica.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.