Luis M. Arcelay, demandante y apelado, *v.* American Railroad Co. of Porto Rico, demandada y apelante.

No. 4471.—*Visto:* Mayo 3, 1928. *Resuelto:* Noviembre 13, 1928.

*M. Acosta Velarde,* abogado del demandante; *González Fagundo & González Jr.,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El demandante en este caso ejercita la acción personal de daños y perjuicios contra la American Railroad Co. of Porto Rico por un accidente ocurrido en el Distrito Judicial de Mayagüez entre un autocamión del demandante y un tren del ferrocarril de la demandada.

La demanda fué presentada en el Distrito de Humacao y notificada de ella la demandada por citación hecha en el Distrito de San Juan en la persona de su director, solicitó de la Corte de Distrito de Humacao que trasladara el pleito a la Corte de Distrito de San Juan alegando y acreditando que es una corporación creada de acuerdo con las leyes del Estado de Nueva York, Estados Unidos de América, y autori-

zada para hacer negocios en esta isla: que no opera ni tiene trenes en el Distrito de Humacao donde tampoco tiene agente que la represente: que su oficina principal y la residencia de su agente o representante se hallan en la ciudad de San Juan, dentro del Distrito Judicial de ese nombre: y que cualquiera decisión, estatuto, resolución, ley o jurisprudencia que prive o niegue a la demandada por ser corporación extranjera del derecho que tienen las corporaciones domésticas a ser demandadas en el distrito donde tienen su oficina principal, o que la prive del derecho de solicitar la traslación del pleito cuando fuese demandada en otro distrito que el de San Juan y que declare que puede ser demandada en cualquier distrito de la isla, priva y niega a la demandada del derecho que tiene a una igual protección de la ley y crea un favoritismo en favor de las corporaciones domésticas en contra de las corporaciones extranjeras, en violación de la enmienda 14 de la Constitución de los Estados Unidos de América y del artículo 2 de nuestra Carta Orgánica de 2 de marzo de 1917 preceptivo de que no se pondrá en vigor ninguna ley que negare a una persona la protección igual de la ley.

La Corte de Distrito de Humacao se negó a trasladar el pleito y contra esa resolución interpuso la demandada la presente apelación, argumentando su recurso por escrito y oralmente, sin que el apelado haya comparecido ante nosotros.

De acuerdo con la ley vigente al tiempo de ser presentada la demanda en este caso, los pleitos por acciones por daños y perjuicios, como la aquí ejercitada, deben verse en el distrito en que residieren los demandados, o alguno de ellos, según el artículo 81 del Código de Enjuiciamiento Civil; y si ninguno de los demandados residiere en esta isla el pleito podrá verse en cualquier distrito designado por el demandante en su demanda.

De acuerdo con ese precepto las corporaciones domésticas deben ser demandadas en el distrito de su residencia por tener domicilio aquí, pero en cuanto a corporaciones extran-

jeras que hacen negocios en esta isla se ha resuelto que pueden ser demandadas en cualquier distrito de la isla porque no tienen residencia en esta isla sino en el Estado en que fueron creadas. Así fué decidido en los casos de *Veve* v. *Fajardo,* 15 D.P.R. 577, y *Del Río* v. *Sucesión Cancel,* 33 D.P.R. 9, en los cuales se hizo un estudio detenido de esa cuestión y se citaron en apoyo de sus resoluciones los casos de *Thomas* v. *Placeville G. Q. U. Co.,* 65 Cal. 600, y de *Rains* v. *Diamond Match Co.* y de *Waetcher* v. *Atchison T. & S. F. Ry. Co.,* ambos de California, reportados en 153 Pac. 239 y 101 Pac. 41, respectivamente, y los de *Roff Oil and Cotton Co.* v. *King,* (Oklahoma) 148 Pac. 90; *New York Life Insurance Co.* v. *Pike,* (Colo.) 117 Pac. 899; *Ivanusch* v. *Great Northern Ry. Co.* (So. Dak.) 128 N. W. 333; *Denver & Río Grande Ry. Co.* v. *Roller,* 100 Fed. 738; *Boyer* v. *Northern Pacific Ry. Co.,* 8 Idaho 74, 70 L.R.A. 691. La doctrina de los dos casos al principio citados fué aplicada en los de *Ferraris* v. *Am. Railroad Co.* y de *Suc. Padilla* v. *Am. Railroad Co.,* 34 D.P.R. 438 y 723. En los casos resueltos por este tribunal no se propuso cuestión constitucional alguna.

Recientemente la Corte Suprema de los Estados Unidos en el caso de *Power Co.* v. *Saunders,* 274 U. S. 490, decidido el 31 de mayo de 1927, ha declarado que un estatuto que dispone que las corporaciones domésticas sean demandadas en el distrito de su domicilio y que no aplica igual disposición a las corporaciones extranjeras que están haciendo negocios en ese Estado, las que pueden ser demandadas en cualquier distrito y no en el que tengan el sitio de sus negocios, es contrario a la Enmienda 14 de la Constitución de los Estados Unidos de América que prohibe a un Estado el negar a cualquier persona dentro de su jurisdicción la protección igual de las leyes. Nuestra Carta Orgánica aprobada el 2 de marzo de 1917 también dispone en su artículo 2º., párrafo 1º., que no se pondrá en vigor en esta isla ninguna ley que negare a una persona de esta isla la protección igual de las leyes.

En vista de esa sentencia del tribunal más alto de los Estados Unidos tenemos que llegar a la conclusión de que la apelante tiene derecho a ser demandada en el distrito de San Juan, por lo que *la resolución apelada debe ser revocada y dictarse otra en su lugar ordenando la traslación de este pleito al expresado distrito.*