BARTOLOMÉ COLÓN, demandante y apelante, *v.* ROYAL INSURANCE Co., LTD., demandada y apelada; BARTOLOMÉ COLÓN, demandante y apelante, *v.* WESTERN ASSURANCE Co., demandada y apelada.

Nos. 4831–4843.—*Sometidos:* Junio 4, 1929. *Resueltos:* Diciembre 17, 1929.

*López de Tord & Zayas Pizarro,* abogados del apelante; *J. H.*

*Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Bartolomé Colón inició dos pleitos en la Corte de Distrito de Ponce, uno contra The Royal Insurance Co., Ltd., de Liverpool, Inglaterra, en cobro de $5,386.19 garantizados por una póliza de seguro contra incendio expedida por la demandada a favor del demandante, y otro contra The Western Assurance Co., de Toronto, Canadá, en cobro de $5,386.19 garantizados por una póliza de seguro contra incendio expedida por la demandada a favor del demandante. Ambas reclamaciones tienen su origen en un siniestro ocurrido en Aibonito el 6 de enero de 1928 que, según el demandante, destruyó bienes de su propiedad por valor de $10,772.39.

En los dos casos comparecieron las demandadas y al archivar en cada uno una moción para eliminar y un escrito de excepciones previas, pidieron el traslado del pleito a la Corte de Distrito de San Juan. La Corte de Distrito de Ponce decretó el traslado y es contra su resolución que se establecieron estas apelaciones que se tramitaron conjuntamente y que serán estudiadas en una sola opinión.

Las resoluciones apeladas son sustancialmente iguales. Copiada a la letra una de ellas, dice:

"La Corte proveyendo a la Moción de Traslado de la demandada, para la Corte de Distrito del Distrito Judicial de San Juan, P. R., visto los Arts. 77 (3), 81, 82 y 93 del Código de Enj. Civil, y la reiterada jurisprudencia del Tribunal Supremo en todos los casos en que como en éste el demandado, al comparecer o al formular excepciones solicita la traslación del caso, en Moción jurada y fundada, ordena el traslado de este caso civil, en cobro de póliza para ante la Corte de Distrito del Distrito Judicial de San Juan."

El señalamiento de errores en los dos recursos es como sigue:

"PRIMER ERROR.—La Corte de Distrito de Ponce cometió error

al interpretar los artículos 77, apartado 3º., 81, 82, y 83 del Código de Enjuiciamiento Civil, y resolver el caso como si se tratara de una acción personal contra una persona o corporación doméstica, sin tener en cuenta que en estos casos se trataba de dos corporaciones extranjeras que están ausentes de Puerto Rico, y que de acuerdo con el Código de Enjuiciamiento Civil pueden ser demandadas en cualquier distrito, sin que la residencia o domicilio de los agentes determine la competencia o jurisdicción de un tribunal.

"SEGUNDO ERROR.—La Corte de Distrito de Ponce cometió error al no aplicar o ignorar las disposiciones del Art. 79 del Código de Enjuiciamiento Civil de Puerto Rico, apartado primero, según fué enmendado por la Ley No. 34, aprobada en abril 21 de 1928, que citamos tanto los abogados de las demandadas en su moción de traslado como nosotros en nuestra oposición, y que determina que en casos como el presente, la corte con jurisdicción es la del lugar o sitio donde ocurrió el accidente. Y, por tanto, habiendo ocurrido tal accidente en el municipio de Aibonito, la Corte con derecho a ver estos casos es la Corte de Distrito de Guayama, si la parte demandada solicita tal traslado."

De acuerdo con la jurisprudencia que vino aplicándose en esta corte hasta su decisión en el caso de *Arcelay* v. *American Railroad Co.*, 38 D.P.R. 807, hubiéramos tenido que resolver que se había cometido el primero de los errores señalados, pues aquí se trata de dos corporaciones extranjeras autorizadas para negociar en la Isla, y hasta entonces se había decidido que

"Una corporación extranjera carece de residencia en Puerto Rico y el mero hecho de que tenga su oficina principal en San Juan no le da derecho a solicitar por razón de residencia el traslado de un pleito . . . en el cual dicha corporación es una de las partes demandadas." *Del Río* v. *Sucesión Cancel*, 33 D.P.R. 9, y casos en él citados.

Pero en el dicho caso de Arcelay, *supra,* se revisó la jurisprudencia y basándose esta Corte en la decisión de la Corte Suprema nacional en el caso de *Power Co.* v. *Saunders,* 274 U. S. 490, por tratarse de una cuestión constitucional, resolvió que

"Una corporación extranjera haciendo negocios en esta Isla que

sea demandada en un distrito distinto del en que tiene el sitio principal de sus negocios tiene derecho a que la acción sea trasladada al distrito en que radica su dicha oficina principal." Arcelay v. American Railroad Co., 38 D.P.R. 807.

Y como de las mociones de traslado y *affidavits* de méritos acompañados a las mismas, consta que el agente general de las demandadas tiene su oficina principal y domicilio en San Juan y basándose en ello y en tratarse de acciones personales fué que se solicitó y decretó el traslado, hay que concluir que no se cometió el primero de los errores señalados.

◼ Por el segundo error se levanta la verdadera cuestión nueva envuelta en el recurso.

El 21 de abril de 1928 quedó aprobada la Ley No. 34 de la Asamblea Legislativa de Puerto Rico por virtud de la cual el artículo 79 del Código de Enjuiciamiento Civil quedó enmendado así:

"Artículo 79.—Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos:

"1. Para obtener el importe de una indemnización contra una compañía de seguros proveniente de un contrato de póliza de seguro o para recobrar daños y perjuicios de acuerdo con el Artículo 1803 del Código Civil, o para obtener el importe de una confiscación, excepto cuando se decreta por un delito cometido en una extensión de agua colindante con dos o más distritos, en cuyo caso la demanda podrá entablarse en cualquier distrito contiguo a dicha extensión de agua y frente al sitio en que se cometió el delito."

Sabemos que el método seguido por nuestro Código de Enjuiciamiento Civil es el de fijar determinados sitios para la tramitación de determinadas acciones, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, existiendo casos especiales, como el de la ejecución de una hipoteca de acuerdo con la Ley Hipotecaria y su Reglamento, en los que el sitio no puede ser cambiado.

Así el artículo 75 del Código de Enjuiciamiento Civil

prescribe que deberán substanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, los pleitos para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquier forma dicho derecho o interés y por daños causados a propiedad inmueble; para la partición de propiedad inmueble, y para la ejecución de una hipoteca, y el 79 disponía antes de la enmienda que deberán verse en el distrito en que la causa del litigio o alguna parte de ella tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos para obtener el importe de una indemnización o confiscación, excepto cuando se decreta por un delito cometido en una extensión de agua colindante con dos o más distritos, en cuyo caso podrá entablarse en cualquier distrito contiguo a dicha extensión de agua y frente al sitio en que se cometió el delito, y los pleitos contra un empleado público, o persona especialmente nombrada para cumplir los deberes de aquél, por cualquier acto que hubiere cometido por razón de su empleo, o contra una persona que por orden suya o como su auxiliar, hiciere algo relacionado con los deberes de dicho empleo.

Es en los "demás casos" que de acuerdo con el artículo 81 del propio cuerpo legal predomina la residencia de los demandados o de alguno de ellos al iniciarse el litigio para determinar el sitio en que deba tramitarse el pleito.

Lo que hizo la enmienda de 1928 fué agregar dos clases de casos más a los comprendidos entre los que deben verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvieren su origen, a saber: los seguidos contra compañías de seguros a virtud de un contrato de póliza y los entablados para recobrar daños y perjuicios de acuerdo con el artículo 1803 del Código Civil.

Siendo ello así, iniciados estos pleitos cuando regía ya la enmienda, el distrito fijado por la ley para tramitarlos era el de Guayama porque a él pertenece el municipio de Aibonito en que ocurrió el incendio causa de los litigios seguidos

contra las compañías demandadas, basados en contratos de pólizas de seguro.

La propia parte apelada lo reconoce así, pero alega que el demandante no ejercitó su derecho cuando tuvo la oportunidad y no pudo después invocarlo, y va aún más lejos: sostiene que en el caso de que esta corte decida que no debió decretarse el traslado, debe devolver los casos a la Corte de Distrito de Ponce con instrucciones de que dicte sentencias desestimando las demandas por carecer dicha corte de jurisdicción sobre la materia.

Creemos que el propio Código de Enjuiciamiento Civil contiene disposiciones expresas que resuelven la cuestión. No sólo fijó las reglas a que nos hemos referido, sino que, en general, prescribió en su artículo 76 que "con arreglo a su jurisdicción, una corte conocerá de los pleitos a que dé origen el ejercicio de las acciones de todas clases, cuando las partes hubieren convenido en someter dicho pleito a la decisión de tal corte."

Ese convenio, según el artículo 77, puede ser expreso o tácito. Se entiende que el demandante queda tácitamente sometido por el mero hecho de acudir a la corte interponiendo la demanda, y el demandado por el de hacer, después de personado en juicio, cualquier gestión que no sea la de pedir que el juicio se celebre en la *corte correspondiente.*

No hay duda alguna que la Corte de Distrito de Ponce tiene jurisdicción para conocer de acciones de la naturaleza de las ejercitadas en estos pleitos. Tampoco la hay de que el demandante se sometió a su jurisdicción al radicar en ella sus demandas. ¿Se sometieron también las demandadas?

A nuestro juicio se sometieron porque si bien pidieron el traslado no lo hicieron para la *corte correspondiente,* como exige la ley. La corte correspondiente era Guayama y no San Juan, y en tal virtud la petición de traslado es como si no existiera, quedando en pie las comparecencias para archivar la moción eliminatoria y formular excepciones previas.

Concretando aun más el legislador su pensamiento, dice en el artículo 82 del Código:

"Art. 82.—Si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente."

Esta conclusión a que hemos llegado no es contraria ni desvirtúa en modo alguno el principio fundamental en que se inspira la decisión de la Corte Suprema de los Estados Unidos en el citado caso de *Power Co.* v. *Saunders, supra,* y que esta Corte Suprema de Puerto Rico adoptó y aplicó en el de *Arcelay* v. *American Railroad Co., supra.* Ahora no existe diferencia alguna entre corporaciones domésticas y extranjeras. El precepto legislativo fijando el lugar del juicio es aplicable por igual a todos. Resolver lo contrario sería ir al extremo opuesto, esto es, establecer un privilegio en favor de las corporaciones extranjeras.

Tampoco consideramos meritoria la contención de las apeladas con respecto a que se trate aquí de una cuestión jurisdiccional exclusiva. La regla fijada es flexible. No sólo está sujeta a la facultad de la corte para cambiar el lugar del juicio, si que también a la voluntad de las propias partes interesadas. La sumisión de una parte no puede conferir a una corte la jurisdicción que la ley no le haya previamente conferido, pero cuando la corte tiene jurisdicción general sobre la materia previamente concedídale por la ley, la sumisión le da la competencia que pudiera faltarle con arreglo a otros preceptos legales que sólo tienden a normalizar y encauzar mejor los procedimientos y que son de observancia obligatoria cuando se invocan debidamente, pero que puede prescindirse de ellos cuando a ellos se renuncia expresa o tácitamente, de acuerdo con la propia disposición legislativa.

Podríamos citar muchos casos resueltos por esta corte

en apoyo de las anteriores conclusiones. Sin embargo, nos referiremos solamente a dos.

En el de *Antonetti et al* v. *Foote et al.,* 16 D.P.R. 591 esta corte por medio de su Juez Presidente Señor Hernández, resolvió que:

"Las cortes de distrito, como cortes de jurisdicción general, tienen jurisdicción para conocer de un pleito de expropiación forzosa, aun cuando los bienes que se tratan de expropiar radiquen en un distrito distinto de aquél en donde se ejercita la acción, y aun cuando los demandados residan en otro distrito.

"Por el mero hecho de comparecer voluntariamente los demandados en un tribunal de distrito distinto de aquel en el cual residen, sin haber solicitado el traslado del pleito, se someten a dicho tribunal, y no pueden alegar excepción previa de falta de jurisdicción."

Y en el de *Hernaiz, Targa & Co.,* v. *Vivas,* 20 D.P.R. 106, 107, decidió tomando del resumen, que:

"El establecimiento de una acción en un distrito que no sea el propio, no constituye un defecto jurisdiccional cuando la corte tiene jurisdicción general sobre la materia, y los estatutos que determinan el lugar de la celebración del juicio meramente confieren un privilegio personal que puede ser renunciado.".

*Por virtud de todo lo expuesto, deben revocarse las resoluciones apeladas y devolverse ambos pleitos a la Corte de Distrito de Ponce para que continúe conociendo de ellos de acuerdo con la ley.*

#### VOTO EN DISENSO DEL JUEZ ASOCIADO SEÑOR TEXIDOR

Disiento de la opinión de la mayoría en este caso.

A mi juicio la moción de eliminación y la excepción previa que se unen a la petición de traslado, no son demostración de la voluntad de someterse a la corte cuya competencia se ataca; son obra de una disposición de la ley, que expresamente previene que a la petición de traslado se una alguna de esas alegaciones. No estoy convencido de que si la moción de traslado cae, deba subsistir la alegación que

la acompaña, en el sentido de crear en la corte una competencia que quizá no tiene.

El artículo 79 del Código de Enjuiciamiento Civil, como quedó enmendado por la Ley No. 34, de abril de 1928, establece que los pleitos para obtener el importe de una indemnización contra una compañía de seguros, proveniente de un contrato de póliza de seguro, debe verse en el distrito en que la causa del litigio, o alguna parte de ella tuvo su origen. En el cumplimiento de un contrato, pueden ocurrir dos cosas: que el contrato se cumpla normalmente; y que sea necesario hacerle cumplir forzosamente. En un contrato de seguro, hay los elementos del convenio; la obligación del asegurado en cuanto al pago de prima, y las creadas por la convención; la del asegurador en cuanto a pagar, o indemnizar, al asegurado las pérdidas que pueda sufrir en ciertos casos; el riesgo previsto primero, y el suceso o caso ocurrido. Y es innegable que ocurrido el suceso (incendio, por ejemplo) y habiéndose hasta entonces cumplido las condiciones del contrato, el asegurado tiene el derecho a percibir el importe, total o parcial, del seguro, o a exigir la reparación o reconstrucción convenida. Reconocido este derecho por el asegurador, éste paga el seguro, o hace lo convenido; el caso es de cumplimiento normal; y el incendio, la pérdida, etc., no son *"causa de litigio"*. Pero si el asegurador desconociendo o violando el derecho del asegurado, rehusa cumplir pagando o haciendo, entonces sí hay *"causa de litigio"*. Estas palabras tienen un sentido procesal; no se habla por la ley de derecho a obtener pagos o cantidades, sino de litigio, esto es, de ejercicio de una acción ante los tribunales; y esa acción nace allí donde el que es luego demandado, desconoce o viola el derecho preexistente del que ha de ser demandante. Me inclino fuertemente a creer que el hecho que da origen al litigio en el caso de autos es la negativa del asegurador a cumplir su contrato. Y en ese caso, me parece que la Corte de Distrito de San Juan, estaba bien designada como la competente para conocer.

Por esas razones, disiento de la opinión en cuanto devuelve los casos a la Corte de Distrito de Ponce, para que conozca de ellos.