JUAN, ANGELA, CARMEN, ELMIRA y EDUARDO CERVONI MASSARI, demandantes y apelados, *v.* WEST INDIA OIL COMPANY, demandada y apelante.

No. 5665.—*Sometido:* Febrero 16, 1932. *Resuelto:* Febrero 26, 1932.

*J. Carbia Miranda,* abogado de la apelante; *Víctor M. Pons Gil,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Juan, Angela, Carmen, Elmira y Eduardo Cervoni iniciaron un pleito sobre *injunction* en la Corte de Distrito de Guayama contra la West India Oil Co. En la demanda se alegó que la demandada, una compañía organizada en el estado de Nueva Jersey, autorizada para hacer negocios en Puerto Rico con su oficina principal en San Juan, tiene almacenadas para la venta al por mayor en la casa No. 136 de la calle de Morse del pueblo de Arroyo en un cobertizo o ranchón grandes cantidades de productos inflamables; que el ranchón no tiene condiciones de seguridad y se encuentra en el medio del pueblo, hallándose en su inmediata vecindad tres casas pertenecientes a los demandantes, uno de los cuales vive con su familia en una de ellas.

Se alegó además en la demanda que el almacenaje de dichos productos en las condiciones mencionadas constituye un grave e inminente riesgo de explosión e incendio que causaría daños irreparables, tales como la pérdida de salud y vidas de los vecinos de Arroyo, especialmente la de los demandantes, depreciando además el riesgo las propiedades de los

demandantes y teniendo a éstos en un continuo estado de desasosiego e infelicidad.

La demanda termina suplicando que se dicte sentencia "teniendo al almacén de la Corporación demandada como un estorbo público y privado, o sea, un estorbo mixto (*mixed nuisance*) y ordenando a la Corporación demandada que se abstenga de utilizar la casa número 136 de la calle 'Morse' de Arroyo, Puerto Rico, y el cobertizo o ranchón que hay en el patio de la misma, para el almacenaje o depósito de gasolina, *kerosene* (petróleo refinado) y cualquier otro producto altamente inflamable o de naturaleza análoga, con costas a la demandada."

Emplazada la demandada, hizo una comparecencia especial a los efectos de solicitar el traslado del pleito a la Corte de Distrito de San Juan, basándose en estar en San Juan su oficina principal de negocios y en el artículo 81 del Código de Enjuiciamiento Civil y la jurisprudencia sentada en el caso de *Arcelay* v. *American Railroad Co.,* 38 D.P.R. 807.

La corte de distrito negó el traslado. Dijo en la opinión que al efecto emitiera, en parte, así:

"Como puede verse claramente por el contexto de la demanda, se ejercita en el presente caso una acción en que se trata de abatir un *nuisance* o estorbo público, sin que se alegue en modo alguno que en la actualidad se hayan producido daños y perjuicios a la propiedad real de los demandantes.

"El Art. 75 de nuestro Código de Enjuiciamiento Civil, concordante al 392 de California, establece lo que sigue:

" 'Deberán substanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este Código, los pleitos que se sigan por las causas siguientes:

" '1. Para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para determinar en cualquiera forma dicho derecho o interés, y por daños causados a propiedad inmueble.

" '2.   *   *   *   *   *   *   *

" '3.   *   *   *   *   *   *   *'

"A la luz de tal precepto legal puede notarse que deberán verse en el distrito en que radica el objeto de la acción, los pleitos cuyo

objeto es el recobrar daños y perjuicios causados a propiedad inmueble.

"Interpretando este precepto legal, la Corte Suprema de California en el caso de F. R. Drinkhouse versus Spring Valley Water Works, volumen 80, página 308, ha sostenido el principio de que

" 'An action to restrain a threatened injury to real estate is an action for "an injury to real property", within the meaning of subdivision 1 of section 392 of the Code of Civil Procedure, and must be tried in the county where the real estate is situated.'

"El caso cuyo sílabo hemos transcrito, que está de acuerdo con la opinión emitida, resuelve a nuestro juicio, la cuestión planteada. Es cierto que en el injunction establecido no se alega la existencia de daños y perjuicios causados, sino que el mismo tiende únicamente a la evitación o prevención de los daños y perjuicios que puedan causarse en el futuro y de acuerdo con tal doctrina, no debe hacerse distinción alguna entre ambas situaciones de hecho, o sean, cuando el injunction tiende a recobrar daños y perjuicios o a prevenir la producción de los mismos, si que la acción establecida debe considerarse en uno y otro caso, como una por daños y perjuicios a la propiedad real."

No conforme la demandada, interpuso el presente recurso de apelación. En su alegato sostiene que tratándose como se trata del ejercicio de una acción personal, es predominantemente aplicable la regla general que contiene el artículo 81 del Código de Enjuiciamiento Civil. Para concluir que se trata de una acción personal invoca lo decidido por esta misma Corte Suprema en el caso de *Gierbolini* v. *Sucesión Rodríguez,* 23 D.P.R. 870, así:

"La acción establecida con el objeto de hacer cesar una supuesta perturbación o estorbo (nuisance) y para que se decrete un auto de injunction conforme al artículo 277 del Código de Enjuiciamiento Civil, es una acción personal y no real."

En el cuerpo de la opinión, la corte se expresó como sigue:

"Estamos enteramente de acuerdo con el apelante en que ésta es más bien una acción personal que real y para los fines de ésta opinión puede admitirse que la corte inferior cometió error en tanto se inclinó a considerar la presente acción como una oportunidad debida y adecuada para resolver en definitiva la condición de la

propiedad en cuestión yendo más allá del punto relativo a si el peticionario había establecido o no *prima facie* su derecho a un camino por la finca de los apelados y su consiguiente derecho al remedio que solicitó. Pero la acción personal se funda expresamente y establece para proteger y hacer valer un derecho de propiedad. De donde se desprende que si el derecho no es claro, la acción tiene que fracasar. Es una cuestión demasiado clara para merecer seria consideración que si el peticionario no tiene derecho al camino por la finca de los apelados, tampoco tiene causa de acción contra dichos apelados de acuerdo con el artículo 277 del Código de Enjuiciamiento Civil por razón de cualesquiera hechos que haya alegado en la petición.

"No nos interesa ninguna cuestión referente al efecto que pueda tener la sentencia dictada en este caso como *res judicata* en alguna acción real subsiguiente, ni el razonamiento de la corte sentenciadora, sino que sólo tenemos que considerar el hecho de si examinada la sentencia a la luz de las alegaciones y conclusiones de hecho, es o no correcta. Considerada de tal modo no hay lugar a dudas de ninguna clase en lo que respecta a la conclusión a que llegó la corte sentenciadora."

Como puede verse, no se trataba de un caso de traslado y lo dicho y resuelto por esta corte puede armonizarse con lo dicho y resuelto por la de California en el caso de *F. R. Drinkhouse* v. *Spring Valley Water Works, supra,* citado por el juez sentenciador.

La regla general está en efecto contenida en el artículo 81 del Código de Enjuiciamiento Civil, pero este caso es una excepción a la regla, debiendo aplicarse lo dispuesto en el artículo 75 del propio Código, que es igual al 392 del de California.

Además del caso de Drinkhouse, *supra,* parece conveniente citar los de *City of Marysville* v. *North Bloomfield Gravel Mining Company, et al.,* 66 Cal. 343, y *McClatchy et al.,* v. *Laguna Lands,* 164 Pac. 41, en los cuales se resolvió:

"Éste fué un procedimiento instituído para abatir un estorbo, que según se alega estaba causando daños a bienes inmuebles situados en el Condado de Yuba, donde se instituyó, y aun está pendiente, el recurso. El juicio sobre daños a la propiedad inmueble

debe celebrarse en el condado en que radique la causa de acción o parte de la misma, sujeta a la facultad de la corte para cambiar el lugar del juicio, según dispone el Código. (C.C.P. 392).

"Siendo un recurso 'sobre daños a la propiedad inmueble', éste no cae dentro de la clase de casos que 'deberán verse en el distrito en que residieren los demandados, o algunos de ellos, al iniciarse el litigio.'

"Si debió substanciarse o no en ese condado era una cuestión a determinarse por la corte inferior, de acuerdo con los hechos presentados, y a menos que la decisión no estuviese justificada por los hechos, no debe ser revocada. Creemos que la decisión estaba justificada por los hechos." City of Marysville v. N. B. G. M. Co., 66 Cal. Rep. 344.

"Un recurso para abatir como estorbo público la desviación de aguas, en violación del estatuto de 1913, página 252, párrafo 12, que declara estorbo público la desviación de aguas que aumenten el caudal de los ríos Sacramento y San Joaquín, en que estén envueltos daños a la propiedad inmueble, debe ser substanciado en el condado en que el objeto de la acción, o parte del mismo, esté situado." 164. Pac. 41.

*Debe confirmarse la resolución apelada.*