José Rodríguez López, demandante y apelante, *v.* National Fire Insurance Company, demandada y apelada.

No. 5740.—*Sometido:* Noviembre 17, 1931. *Resuelto:* Julio 26, 1932

*García Méndez & García Méndez*, abogados del apelante; *J. H. Brown, C. Ruiz Nazario* y *G. E. González*, abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El demandante en una acción en cobro de una póliza de seguro contra incendio apela de una orden declarando con lugar una moción de traslado radicada por la demandada, e impugna la suficiencia de una declaración jurada suscrita por una persona que no era el agente y apoderado ni el representante de la compañía demandada. Si esta cuestión hubiera sido planteada en la corte inferior la demandada habría tenido la oportunidad de enmendar el "affidavit" defectuoso o de radicar otro, en caso de una resolución adversa por el

juez de distrito. La cuestión llega demasiado tarde al ser presentada por primera vez en apelación.

██ La póliza fué expedida por la compañía y aceptada por el asegurado con sujeción a una cláusula que lee así:

"Las partes contratantes convienen, sea cual fuere su residencia, en someter todas las cuestiones que surjan a consecuencia de este contrato a los jueces y tribunales de la ciudad de San Juan, Puerto Rico."

La única otra contención del apelante es que la cláusula que acabamos de transcribir no tiene por objeto someterse a la jurisdicción de la Corte de Distrito de San Juan, y que si en tal sentido cabe interpretarla, ese convenio es contrario a derecho.

La teoría del apelante es que las palabras "jueces y tribunales de la ciudad de San Juan, Puerto Rico," se refieren exclusivamente a los jueces municipales y a las cortes municipales en y para el distrito municipal de San Juan, que—insiste el apelante—son los únicos "jueces y tribunales de la ciudad de San Juan, Puerto Rico." A nuestro juicio, ése es un punto de vista muy estrecho. Pasa por alto la necesidad de dar efecto a las palabras "todas las cuestiones que surjan a consecuencia de este contrato." Ciertamente, mediante el uso de tal fraseología, las partes no tuvieron por mira excluir todas las cuestiones que envolvieran más de $500. Tampoco puede sostenerse seriamente que ellas se propusieran someter casos que envoliesen más de esa cantidad a las cortes municipales de San Juan, cuya jurisdicción, al igual que la de otras cortes municipales, se limita a casos que envuelven $500, incluyendo intereses. (Estatutos Compilados 1911, Sección 1173.) Segregada e interpretada aisladamente por el apelante, la frase "jueces y tribunales de la ciudad de San Juan, Puerto Rico" no describe las cortes municipales con mayor presteza que la de distrito. Se hace referencia al sitio del juicio sin mencionar bien la cuantía jurisdiccional envuelta o la jurisdicción territorial de la corte. El significado de la cláusula es que cualquier caso que dimane

del contrato, ya sea la cuantía litigiosa $50 ó $50,000, ha de ser juzgado en San Juan.

La contención restante de que el convenio de someter todas las cuestiones que surgieran del contrato a las cortes de San Juan es contrario a derecho, fué resuelta por este tribunal en *Colón* v. *Royal Insurance Company,* 40 D.P.R. 330. Nos ceñimos a la conclusión a que allí se llegó, a saber, que el lugar del juicio de un caso de esta naturaleza puede ser predeterminado por convenio de las partes en el contrato en que se basa la acción.

*Debe confirmarse la orden apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.